# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

MAY 1997 SESSION



**FILED**

**August 29, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9608-CR-00322 |
| | ) | |
| vs. | ) | Sullivan County |
| | ) | |
| **BRENDA FAYE WORLEY,** | ) | Honorable Frank L. Slaughter, Judge |
| | ) | |
| Appellant. | ) | |
| | ) | (Community Corrections Revocation) |
| | ) | |

FOR THE APPELLANT:

STEPHEN M. WALLACE
District Public Defender

LESLIE S. HALE
Assistant Public Defender
P.O. Box 839
Blountville, TN 37617

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

H. GREELEY WELLS, JR.
District Attorney General

TERESA M. SMITH
Asst. District Attorney General
P.O. Box 526
Blountville, TN 37617

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

## OPINION

The appellant, Brenda Faye Worley, appeals the Sullivan County Criminal Court's revocation of her Community Corrections sentence and order that she serve her original three year effective sentence in the Department of Correction for convictions of possession of cocaine for resale and possession of drug paraphernalia. In her appeal to this court, the appellant contends the lower court abused its discretion in revoking her non-incarcerative sentence because (1) she was not provided with written notice of the conduct that was used as a basis for the violation finding, (2) the court had no jurisdiction over her because the term of her original sentence had expired, and (3) imposition of the original sentence was not warranted. We fail to find merit in the appellant's issues and affirm the judgment of the lower court.

In 1990, Worley pleaded guilty to possession of cocaine with intent to sell and possession of drug paraphernalia. She received 3 year Community Correction and 11 month, 29 day local jail sentences, respectively, to be served concurrently. Although we have not been favored with the Community Corrections contract, we are able to discern from the record that the terms of this sentence included that she was to perform community service, be under house arrest at a designated residence, and participate in counseling, adult education, Narcotics Anonymous, Alcoholics Anonymous and a rehabilitation program.

A warrant was apparently issued for Worley in 1991, which alleged she had violated the terms of her sentence by moving from her residence without permission.[1] A second warrant was issued in 1995, accompanied by an affidavit which alleged Worley moved out of the residence in which she was under house arrest in March 1991, had not been heard from since that time, and was on

_____

[1]This warrant does not appear in the record. We are able to glean from the record, however, some basic facts such as that the warrant was issued in 1991, the basis for the warrant, and that Worley "pleaded guilty" in 1996 to the violation alleged therein.

"absconder status" with the Community Corrections program.  Worley was served with these warrants,[2] and a revocation hearing was held in the Sullivan County Criminal Court on May 29, 1996.

At the hearing, Worley, a 32 year old divorced mother of four, admitted she violated the terms of her Community Corrections sentence as alleged in the warrants.  She testified she moved from the residence where she was under house arrest because drugs were available to her there and she did not get along well with one of the other residents, although she had been denied permission to move by Community Corrections officials because she had nowhere else to live where a telephone was available.  Worley presented three unsworn letters of reference from former employers, which uniformly attested that she was a good, reliable worker.  She testified she has been living with the father of two of her four children, as well as the children of that union.  Her two older children live with her during the summer months.  She and the father of the two younger children are both employed and doing their best to raise their family and be productive members of society without reliance on governmental assistance programs.  She testified she no longer uses drugs and volunteered to take a drug test.  She also alleged she attempted to notify the "probation office" of her whereabouts, but she did not remember the name of the person she talked with or the date on which she called.  She testified she eventually turned herself in  because, "I wanted to, you know, to get it over with so I could go on and raise my kids.  I know I made a mistake, but, you know, I've tried to correct it."

Scott Fields, Worley's boyfriend, Elizabeth Sexton, Worley's cousin and former roommate, and Martha Fields, Worley's boyfriend's mother, testified as character witnesses  for Worley.

---

[2]Service of the 1991 warrant may be inferred from the comments and testimony of record at the sentencing hearing, although that warrant does not appear in the technical record.

3

The state presented no witnesses.

At the conclusion of the hearing, the court found Worley violated the terms of her Community Corrections sentence as alleged in the 1991 and 1995 warrants. Further, it found a program had been developed for her whereby she was to rehabilitate herself through outpatient alcohol and drug counseling, participation in Narcotics Anonymous, Alcoholics Anonymous, rehabilitation services through the Department of Human Services, group counseling at the Hay House, and adult education services. The court found the uncontroverted evidence to be that the appellant failed to avail herself of any of these services after March 1991. The court was troubled that the real victims of an incarcerative sentence would be Worley's young children, who would be subject to supervision by the Department of Human Services, yet "the mere fact that a person is a father or a mother does not permit one to violate the law and to walk away and say you can't do anything to me because I'm a mother." The court found the trial judge had afforded Worley some measure of mercy in imposing her original sentences, and "good order and discipline" compelled that she "pay the price for her crimes." Upon finding two unspecified enhancement factors and no mitigating factors, the court revoked Worley's Community Corrections sentence and ordered her to serve three years in the Department of Correction.

In a revocation proceeding, the state has the burden of proving the violation by a preponderance of the evidence. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court is entitled to exercise its discretion to revoke a Community Corrections sentence upon a finding that the defendant has violated the conditions of the sentence. Harkins, 811 S.W.2d at 82. Before the trial court may revoke the Community Corrections sentence, the record must contain sufficient evidence to permit the court to make an intelligent and conscientious decision. Harkins, 811 S.W.2d at 82. Upon revocation, the court may order the defendant to serve her sentence in confinement. Harkins, 811 S.W.2d at 82. The new

4

sentence may be for a longer term than the original sentence. Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 1996). On appeal, the trial court's order revoking a Community Corrections sentence is subject to reversal only upon a showing of an abuse of discretion. Harkins, 811 S.W.2d at 82. In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence sufficient to support the conclusion of the trial judge that the violation of the terms of the sentence has occurred. Harkins, 811 S.W.2d at 82.

In the case at bar, the appellant admitted violating the terms of her sentence, yet she contends the trial court abused its discretion in revoking her sentence for several reasons.

I

In her first allegation of error, Worley alleges she was denied due process because she was not provided with written notice of the allegations that formed the basis for the finding she violated the terms of her sentence. As a result, she contends the trial court abused its discretion by basing its revocation of her sentence in part on findings of which she received no advance written notice. On the other hand, the state contends the court relied primarily on Worley's admission she moved without permission, which Worley does not deny was alleged in the revocation warrants, and this alone is substantial evidence to support the revocation.

Clearly, a defendant in a Community Corrections revocation proceeding has a right to written notice of the allegations which form the basis for the proposed revocation of her sentence. See Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761-62 (1973); State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993). Failure to provide such notice offends due process. Gagnon, 411 U.S. at 786, 93 S. Ct. at 1761-62; Wade, 863 S.W.2d at 408. However, in order for a defendant to obtain relief on appeal based on a due process violation of this type,

5

the record must demonstrate there is no substantial evidence to support the revocation based solely upon the ground(s) alleged in the written notice and substantiated in the trial court's findings of fact. See, e.g., State v. Kenneth W. Martin, No. 01C01-9511-CR-00397 (Tenn. Crim. App., Knoxville, Oct. 24, 1996) (probation revocation).

In this case, Worley admitted she violated the term of her sentence as alleged in the warrants. The lower court found she moved out of the residence where she was under house arrest and made no effort to notify proper authorities of her whereabouts for several years. The lower court also made findings with respect to Worley's additional failings in complying with her sentence. With respect to the latter findings, Worley alleges she had no notice. However, Worley's unauthorized move and failure to report alone is substantial evidence supporting the trial court's revocation of her Community Corrections sentence. Worley committed a serious infraction, and she made no effort for an extended period of time to notify the authorities of her whereabouts so she could serve her Community Corrections sentence. Accordingly, the trial court did not abuse its discretion in basing revocation on the misconduct admitted by the defendant.

Furthermore, we have no way of knowing what the allegations were in the 1991 warrant, save what we are able to glean from the record. As pointed out above, the 1991 revocation warrant was not included in the record.

**6**

It is the appellant's duty to ensure that the record on appeal contains all of the evidence relevant to those issues which are the bases of appeal. Tenn. R. App. P. 24(b); State v. Banes, 874 S.W.2 73, 82 (Tenn. Crim. App. 1993); State v. Deborah Gladish, No. 02C01-9404-CC-00070 (Tenn. Crim. App., Jackson, November 21, 1995), perm. app. denied (May 6, 1996). In the absence of such a record, the affected issues are waived. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." Id.

## II

In her second argument, Worley contends the trial court abused its discretion in revoking her Community Corrections sentence and ordering her to serve her sentence in the Department of Correction because the court was without jurisdiction over her. She asserts the second revocation warrant was not issued until after her sentence had expired, contrary to Code section 40-35-310 and -311. The state counters that the revocation action was timely when initiated in 1991 with the issuance of the first warrant, which tolled the statute of limitations.

The Community Corrections statute empowers the trial court "to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced."[3] Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 1996) (emphasis added).

---

[3]Both the appellant and the state incorrectly argue that Code sections 40-35-310 and 40-35-311 contain the controlling statute of limitations. Those sections deal with the procedure for probation revocation proceedings, not Community Corrections revocation proceedings. Although revocation proceedings for probation and Community Corrections sentences are substantially similar, see Harkins, 811 S.W.2d 79, there are distinctions in the two forms of alternative sentencing and the associated revocation procedures. See State v. Michael Richmond, No. 02C01-9410-CR-00217 (Tenn. Crim. App., Jackson, Sept. 13, 1995) (discussing differences); State v. Tony Barrett, No. 01C01-9511-CR-00360, slip op. at 6-7 (Tenn. Crim. App., Nashville, Aug. 22, 1996) (difference in revocation procedures); compare Tenn. Code Ann. §§ 40-35-310 (1990) and 40-35-311 (Supp. 1996) (probation revocation procedure) with Tenn. Code Ann. § 40-36-106(4) (Supp. 1996) (Community Corrections

The phrase "at any time" is not further defined in the statute, although by its plain meaning in this context, it is clear the phrase means "at any time" during the term of the defendant's court-imposed Community Corrections sentence.

The relevant inquiry then becomes whether the court has jurisdiction over the defendant when a revocation proceeding is initiated during the term of the defendant's sentence but the defendant does not come before the court until after the expiration of her sentence. It appears this is an issue of first impression with respect to Community Corrections sentences, although the issue has been addressed in the context of probation sentences. In the latter context, this court has held that the issuance of a probation revocation warrant tolls the statute of limitations contained in the probation statute, and the trial court is not deprived of jurisdiction to complete revocation proceedings outside the limitations period.[4] Allen v. State, 505 S.W.2d 715 (Tenn. 1974). Likewise, where a probation revocation warrant is issued within the limitations period but is not served due to the defendant's unknown whereabouts, and a second warrant is thereafter issued outside the limitations period and served on the defendant, the court is not deprived of jurisdiction to find a violation and revoke the defendant's non-incarcerative sentence. State v. Rodney M. Adams, No. 222 (Tenn. Crim. App., Knoxville, Dec. 13, 1990).

We believe the logic of Allen and Adams is equally applicable to the case at bar. When the 1991 Community Corrections revocation warrant was issued, this tolled the running of the limitations period.[5] Worley, due to her own

_____

revocation and resentencing procedure).

[4]The defendant may, however, be deprived of his right to a speedy trial where the defendant is readily accessible for service of process but service is not effected for an extended period of time. Allen, 505 S.W.2d at 718-19. In this case, the appellant makes no such argument.

[5]Although, as noted above in Section I of this opinion, the 1991 revocation warrant was not included in the record on appeal, the fact of the issuance of the warrant is evidenced in the record. The trial judge recited from records of the trial court, without objection, and judicially noticed not only the issuance of the 1991 warrant but also the defendant's recent guilty plea to that warrant. See

misdeed in absconding from supervision, was not served with this warrant within the limitations period. Although the record is not clear, she was eventually served with both warrants after the term of her sentence had expired. The revocation proceedings followed. On these facts, we hold the statute of limitations was tolled during Worley's voluntary absence from Community Corrections supervision once the first revocation warrant was issued. It would be a miscarriage of justice to allow a defendant to live a life "on the lam" following the imposition of a non-incarcerative sentence and later avoid the consequences of her failure to comply with the terms of her original sentence because she successfully evaded authorities during the term of the sentence.

Accordingly, the trial court had jurisdiction over the appellant. It did not abuse its discretion in exercising that jurisdiction.

**III**

In her third issue, the appellant claims the trial court abused its discretion in sentencing her to serve her original term of incarceration, three years in the Department of Correction. She bases her argument on the trial court's failure to find mitigating factors which should have been considered in determining her sentence. The state concedes the trial court did not consider mitigating factors but claims it is harmless error.

As we noted above, a trial court may revoke a community corrections sentence and resentence the defendant to incarceration for any period of time up to the maximum sentence provided for the offense. Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 1996). The new sentence may exceed the length of the original sentence. State v. Griffith, 787 S.W.2d 340, 341-42 (Tenn. 1990). However, when

---

also State v. Woodall, 729 S.W.2d 91, 94 (Tenn. 1987) (an arrest warrant contained in a court record is an official judicial record of proceedings in that case). Moreover, the defendant in her brief before this court concedes the 1991 issuance of the first revocation warrant.

**9**

the trial court resentences the defendant to a sentence that exceeds the length of the original sentence, the trial court must conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989. See Tenn. Code Ann. § 40-35-209(a); see also State v. Jimmy C. Ray, No. 01C01-9501-CR-00022, slip op. at 5-6 (Tenn. Crim. App., Nashville, Aug. 4, 1995). The sentence imposed must conform to the provisions of the Act. Tenn. Code Ann. § 40-35-210(a)-(e) (Supp. 1996); see Jimmy C. Ray, slip op at 6. Furthermore, the trial court must state on the record its reasons for imposing a new sentence and must make specific findings of fact upon which application of the sentencing principles was based. Tenn. Code Ann. §§ 40-35-209(c), 40-35-210(f)-(g) (Supp. 1996); see State v. James Austin Patterson, No. 02C01-9308-CC-00174, slip op. at 3 (Tenn. Crim. App., Jackson, May 25, 1994); see generally State v. Ervin, 939 S.W.2d 581 (Tenn. Crim. App. 1996), perm. app. denied (Tenn. 1997).

The court here chose not to impose a more lengthy sentence, so strict compliance with statutory resentencing procedure was not necessary. See Ervin, 939 S.W.2d at 583. Moreover, we must presume the appellant was already afforded the formalities of that process when she received her original sentence. If she had a grievance with her sentence or any deficiency in that process, she had the right of appeal at that time.[6]

For at least four years, Worley, through her own actions and inactions, eluded justice. Although she presented evidence she was otherwise living a lawful, productive life during her period of abscondence, the fact remains that she unilaterally moved out of the home where she was under house arrest after being denied permission to do so and evaded supervision for an extended period of time. We cannot say the trial court committed an abuse of that discretion in ordering the appellant to serve the term of her original sentence in the Department of Correction.

---

[6]The record reflects Worley was convicted upon her guilty pleas. As part of the plea agreements, she very well may have agreed to the sentences imposed.

While we commend the appellant's actions in reforming her ways and admitting her mistakes, and we likewise note that the trial court's result may impose significant hardship on the appellant and her family,[7] we are not allowed to disturb the lower court's action simply because we might prefer a different result.

Thus, we find no reversible error.  The judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOSEPH B. JONES, PRESIDING JUDGE

_____
JOSEPH M. TIPTON, JUDGE

---

[7]We note in passing that the defendant was entitled to sentence credit for the "time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 1996).  By the trial court's order, the defendant receives the benefit of this credit in the amount of 353 days, to be applied to her Range I (30%) service of her three-year sentence.