**STATE of Tennessee, Appellee,**

v.

**Jimmy Lee EVITTS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 25, 1995.

Collier W. Goodlett, Asst. Public Defender, Clarksville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Michael E. Moore, Solicitor General, Jerry L. Smith, Deputy Attorney General, Nashville, Arthur F. Bieber, Asst. District Attorney General, Clarksville, for Appellee.

## OPINION

WADE, Judge.

The defendant, Jimmy Lee Evitts, entered pleas of guilt to aggravated assault and felony theft. The trial court placed the defendant on judicial diversion, Tenn.Code Ann. § 40–35–313, and made restitution of $5,000.00, among other things, a condition of his probation.

On May 20, 1992, the probation officer filed an action to revoke diversion on the grounds that the defendant had failed to report, had changed his residence, had refused visits, and had failed to pay restitution. In June 1992, a revocation order was entered. The defendant waived his right to a revocation hearing on the question of whether he had violated the terms of his diversion. A sentencing hearing was set for February 24, 1993. Two months later, the defendant, who was in jail, wrote the district attorney general asking that his "outstanding charges [in Clarksville be] taken care of." No sentencing hearing had been held on the diversion matters when, on January 21, 1994, the defendant filed a motion to dismiss. While other indictments unrelated to these cases were dismissed on the basis that the state had failed to bring the defendant to trial within 180 days as provided by the Interstate Compact on Detainers, Tenn.Code Ann. § 40–31–101, the trial court ruled that judicial diversion did not come within the terms of the act, refused to dismiss these two charges, and imposed sentence.

In this appeal, the defendant claims the trial court erred by failing to invoke the terms of the compact. We disagree and affirm the action of the trial court.

Judicial diversion is authorized by statute. It is reserved for "any person who has not previously been convicted of a felony or a Class A misdemeanor." Tenn.Code Ann. § 40–35–313(a)(1). It is available only to those who either plead guilty or are found guilty of "a misdemeanor which is punishable by imprisonment or a Class C, D, or E felony." Id. The statute authorizes the trial court to place the defendant "on probation upon such reasonable conditions as it may require and for a period of time not less than the period of the maximum sentence for the misdemeanor with which he is charged, or not more than the period of the maximum sentence of the felony with which he is charged." Id. In the event the defendant satisfactorily completes his probationary term, he is entitled to a discharge and dismissal. Tenn.Code Ann. § 40–35–313(a)(2). The effect of the dismissal "is to restore [the defendant] to the status he occupied before such arrest or indictment or information." Tenn.Code Ann. § 40–35–313(b); see State v. Kyte, 874 S.W.2d 631 (Tenn.Crim.App.1993).

Here, the defendant contends that the Interstate Compact on Detainers applies to those charges which result in a post-trial, judicial diversion. He asserts that he should have been sentenced "within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a

final disposition to be made of the indictment, information, or complaint." Tenn. Code Ann. § 40–31–101, art. III(a).

By the plain words of this act, however, the 180–day rule applies only to those cases involving an "untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner." Tenn.Code Ann. § 40–31–101, art. III(a). In *Blackwell v. State,* 546 S.W.2d 828, 829 (Tenn.Crim.App.1976), this court ruled that "untried indictment, information, or complaint" did not include a probation violation capias. This court ruled that the act only applied to those cases in which no disposition had taken place. That rule was confirmed in *State v. Warren,* 740 S.W.2d 427 (Tenn.Crim. App.1986). *See also Carchman v. Nash,* 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

Because the Interstate Compact on Detainers does not apply to a probation violation proceeding, the trial court properly denied the motion to dismiss.

Accordingly, the judgment is affirmed.

PEAY, J., and REX H. OGLE, Special Judge, concur.