IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1996 SESSION

FILED

November 8, 1996

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9510-CC-00336 |
| Appellee, | * | WILLIAMSON COUNTY |
| VS. | * | Hon. Donald P. Harris, Judge |
| MICHAEL GENTRY, | * | (Judicial Diversion) |
| Appellant. | * | |

For Appellant:

Ernest W. Williams and
J. Russell Heldman
Attorneys at Law
320 Main Street, Suite 101
Franklin, TN  37064

For Appellee:

Charles W. Burson
Attorney General & Reporter

Elizabeth T. Ryan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Joseph D. Baugh
District Attorney General
P.O. Box 937
Franklin, TN  37065-0937

Ronald L. Davis
Assistant District Attorney General
P.O. Box 937
Franklin, TN  37065-0937

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The defendant, Michael Gentry, entered a plea of guilt to one count of official misconduct. Tenn. Code Ann. § 39-16-402(a)(5). Pursuant to a plea agreement, the trial court imposed a Range I sentence of two years and granted probation but denied the defendant's request for judicial diversion. Tenn. Code Ann. § 40-35-313; State v. Dishman, 915 S.W.2d 458 (Tenn. Crim. App. 1995). In this appeal, the defendant claims that the trial court abused its discretion by refusing to grant judicial diversion; he also insists that the district attorney general was guilty of prosecutorial vindictiveness.

We affirm the judgment of the trial court.

On July 11, 1994, the defendant and Katrina Greer, both of the Franklin Police Department, were indicted on two counts of official misconduct, two counts of soliciting unlawful compensation, and one count of conspiracy. At the time, the defendant was a sergeant of the Williamson County DUI Task Force, a body comprised of two officers from the Franklin Police Department and one each from the Brentwood Police, the Fairview Police, and the Williamson County Sheriff's Department. The defendant supervised all task force activities. During Christmas of 1993, the defendant authorized for himself and the other officers in the task force holiday pay even though no work would actually take place. A subsequent investigation established that the defendant and Ms. Greer were the only two task force members who had made claims for and received the unwarranted holiday pay. The defendant was untruthful when questioned by his lieutenant during the initial stages of the investigation.

Initially, the state had offered to allow the defendant to plead guilty to

2

one count of official misconduct, be granted probation, and then, upon successfully completing a two-year probationary period, have his record expunged under the provisions of judicial diversion. That offer, however, was made contingent upon the codefendant, Ms. Greer, accepting the same terms. Ms. Greer declined.

Several months later, a trial ensued. During the defendant's testimony, the state again offered a plea agreement. As to Ms. Greer, however, the period of probation was increased by one year from the original proposal and, as to the defendant, the terms were the same except that the judicial diversion offer was withdrawn. Each accepted the terms of the new plea agreement. At the sentencing hearing, the state opposed the defendant's request for judicial diversion.

The trial court denied the application on the basis that the defendant had been untruthful during the course of the investigation and had presented witnesses "for the purpose of creating an impression with the jury that he and Ms. Greer did work." The trial court ultimately ruled that because the defendant held a responsible, public position, had violated the trust incident to the office, and had been less than candid during the various stages of the proceedings, the request for judicial diversion should be denied.

Judicial diversion is authorized by statute. It is reserved for "any person who has not previously been convicted of a felony or a Class A misdemeanor." Tenn. Code Ann. § 40-35-313(a)(1). It is available only to those who either plead guilty or are found guilty of "a misdemeanor which is punishable by imprisonment or a Class C, D, or E felony." Id. The statute authorizes the trial court to place the defendant "on probation upon such reasonable conditions as it may require and for a period of time not less than the maximum sentence for the

3

misdemeanor ... or ... the felony with which he is charged." Id. In the event the defendant satisfactorily completes his probationary term, he is entitled to a discharge and dismissal. Tenn. Code Ann. § 40-35-313(a)(2). The effect of the dismissal is "to restore [the defendant] to the status he occupied before such arrest or indictment or information." Tenn. Code Ann. § 40-35-313(b). State v. Evitts, 915 S.W.2d 468 (Tenn. Crim. App. 1995).

The grant of judicial diversion is within the discretion of the trial court. Only an abuse of that discretion warrants a reversal. State v. Bonestel, 871 S.W.2d 163 (Tenn. Crim. App. 1993). In this case, the decision of the trial court clearly had a rational basis. The defendant, a veteran police officer in charge of the task force, qualified as a public employee entrusted with an important role of responsibility. The plan to acquire unearned pay and the ensuing coverup lasted for a period of weeks. The defendant and at least one other person participated in the plan. His lack of candor during the investigation militates against the grant of a more lenient sentence.

That is not to say, of course, that the defendant did not present a persuasive claim. At the time of trial, the 33-year-old defendant had an impressive record. Father of three children, he had graduated from high school and had attended Austin Peay University. He spent four years in the United States Marine Corps and was in the Presidential Guard Service. He received several awards while in the Marines and currently serves in the Tennessee Army National Guard. He has training in accident investigation, accident reconstruction, and several other fields of expertise. While the defendant may have been a worthy candidate for the judicial diversion program, this court must defer to the judgment of the trial court which, after having observed the demeanor of the defendant and other witnesses, found

4

reasonable grounds for denial.

The claim of prosecutorial vindictiveness also has no merit. This defense is most commonly addressed when the defendant has been reindicted on a more serious charge in retaliation for the exercise of a constitutional right. See, e.g., Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098 (1974); United States v. Wilson, 639 F.2d 500 (9th Cir. 1981). In United States v. Meyer, 810 F.2d 1242 (D.C. Cir. 1987), cert. denied, 485 U.S. 940 (1988), the term was described as follows:

> "Prosecutorial vindictiveness" is a term of art with a precise and limited meaning. The term refers to a situation in which the government acts against a defendant in response to the defendant's prior exercise of constitutional or statutory rights....
>
> The Supreme Court has established two ways in which a defendant may demonstrate prosecutorial vindictiveness. First, the defendant may show "actual vindictiveness"-- that is, he may prove through objective evidence that a prosecutor acted in order to punish him for standing on his legal rights. This showing is, of course, exceedingly difficult to make. Second, a defendant may in certain circumstances rely on a presumption of vindictiveness: when the facts indicated "a realistic likelihood of 'vindictiveness[,]'" a presumption will arise obliging the government to come forward with objective evidence justifying the prosecutorial action. If the government produces such evidence, the defendant's only hope is to prove that the justification is pretextual and that actual vindictiveness has occurred. But if the government fails to present such evidence, the presumption stands and the court must find that the prosecutor acted vindictively.

Id. at 1245 (emphasis added)(citations omitted).

In this instance, of course, there was no reindictment. An offer of settlement which had been made by the state and rejected by the defense several months before was simply no longer on the table. The record does not establish that the state, by refusing to agree to judicial diversion at the later date, attempted to further punish the defendant. In fact, other information, perhaps not available when

5

the first offer was made, had likely come into the hands of the state by the time the new offer was proposed. Moreover, in <u>State v. Turner</u>, 919 S.W.2d 346, 360 (Tenn. Crim. App. 1995), this court held that the issue of prosecutorial vindictiveness had been waived when the defendant has knowingly and voluntarily entered the plea of guilt. That is, of course, the very case here. By accepting the revised offer, the defendant gave up his right to complain.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Paul G. Summers, Judge


_____
L.T. Lafferty, Special Judge