**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JULY 1999 SESSION**

**FILED**

**September 20, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9902-CC-00075 |
| | ) | |
| vs. | ) | Dyer County |
| | ) | |
| **JOSEPH HART, A.K.A,** | ) | Hon. Lee Moore, Judge |
| **ALBERT CROSS** | ) | |
| | ) | (Speedy Trial and Interstate |
| Appellant. | ) | Compact on Detainers) |


FOR THE APPELLANT:

**JOSEPH ALBERT HART (pro se)**
P.O. Box 7001
Taft, CA 93268

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**PATRICIA C. KUSSMAN**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**C. PHILLIP BIVENS**
District Attorney General
115 E. Market Street
P.O. Box E
Dyersburg, TN 38025-2005


OPINION FILED:_____


**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**


**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The defendant, Joseph Hart, appeals the Dyer County Circuit Court's denial of his motions to dismiss the 1987 indictment against him for obtaining money under false pretenses and grand larceny. See Tenn. Code Ann. §§ 39-3-901, -1101 (1982) (repealed 1989). The defendant pleaded guilty to obtaining money under false pretenses on December 5, 1990.[1] The trial court has not imposed a sentence on the defendant. In this appeal, the defendant alleges his right to a speedy trial has been violated because a sentence has not been imposed during the eight-year period since his guilty plea. Additionally, the defendant claims the indictments against him should be dismissed because the state has failed to comply with the Interstate Compact on Detainers Act.[2] After a review of the record, the briefs of the parties, and the applicable law, we reverse the trial court's order dismissing the defendant's speedy trial issue and remand for further consideration consistent with this opinion, and we affirm the trial court's order dismissing the defendant's Interstate Compact on Detainers issue.

_____

[1]The defendant pleaded guilty to count 1, obtaining money under false pretenses, and no mention was made in the plea agreement about the disposition of count 2, grand larceny. Because no judgment has been entered, no disposition of count 2 has been made. The state approved the count 1 plea and certain sentencing recommendations, and it is likely that the parties' agreement included the dismissal of count 2. We point out to the trial court for its information, however, that count 2 is still pending and is not the subject of a plea.

[2] Article III of the Act provides a period of 180 days for a person in custody of a party state to be tried in any other party state on "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner." Tenn. Code Ann. § 40-31-101, art. III(a) (1997). The 180-day period is triggered by the prisoner "having caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the person's imprisonment and request for a final disposition to be made of the indictment, information or complaint." Id. If a trial does not occur prior to the return of the prisoner to the original place of imprisonment, the court shall dismiss with prejudice the untried indictment, information or complaint. Id. at art. III(d).

The defendant pleaded guilty to obtaining money under false pretenses on December 5, 1990. At that time, a sentencing hearing was scheduled for February 11, 1991. The defendant failed to appear for the rescheduled sentencing hearing on February 28, 1991, and a capias was issued. In August 1991, the defendant was taken into federal custody where he has remained since that time. On May 12, 1992, the defendant demanded a speedy trial in the trial court. In 1994, 1996 and 1997, the Dyer County Sheriff's Department was notified of the defendant's location in federal prison and tentative release dates. On November 4, 1997, the Dyer County Sheriff's Department requested a detainer be placed on the defendant, and this request was granted on November 18, 1997 by the institution where the defendant resided.

The defendant filed a *pro se* Motion to Dismiss Indictments on July 20, 1998 and alleged a violation of his right to a speedy trial. On September 22, 1998, the defendant filed a *pro se* Motion for Speedy Trial or Speedy Disposition of Warrants, Information, Detainer, Indictment. The trial court denied the defendant's motion to dismiss the indictment of obtaining money by false pretenses by finding the defendant's right to a speedy trial had not been violated because the defendant pleaded guilty. Subsequently, the defendant filed a motion to reconsider which was denied by the trial court on February 5, 1999. The defendant filed a notice of appeal on February 19, 1999.

The first determination which must be made is whether the defendant's appeal is properly before this court at this time. Because there has been no sentence imposed, there is no judgment of conviction to appeal. See Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b); Tenn. R. Crim. P. 32(e) ("A judgment of conviction shall set forth the plea, . . ., and the adjudication and sentence"). This case is still pending in the trial court until a sentence is imposed upon the

3

defendant. Accordingly, the defendant's appeal can only be before this court as a Rule 10 extraordinary appeal.

This court may treat an improperly filed Rule 3 appeal as a Rule 10 extraordinary appeal. See State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998); State v. James Doe, No. 01C01-9102-CR-00046, slip op. at 5-6 (Tenn. Crim. App., Nashville, June 29, 1992). Tennessee Rule of Appellate Procedure 10(a) provides that an extraordinary appeal may be sought "if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review . . . ." In State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980), our supreme court held that an extraordinary appeal should only be granted when it is established that: (a) the ruling of the court below represents a fundamental illegality, (b) the ruling constitutes a failure to proceed according to the essential requirements of the law, (c) the ruling is tantamount to the denial of either party of a day in court, (d) the action of the trial judge was without legal authority, (e) the action of the trial judge constituted a plain and palpable abuse of discretion, or (f) either party has lost a right or interest that may never be recaptured.

We find the defendant's appeal is an appropriate case to grant a Rule 10 extraordinary appeal because the defendant has lost a right or interest that may never be recaptured. While this court and our supreme court have consistently held that there is no legal right to parole, see, e.g., State v. Bush, 942 S.W.2d 489, 503 (Tenn. 1997); Kaylor v. Bradley, 912 S.W.2d 728, 733 (Tenn. Crim. App. 1995) (citing Tenn. Code Ann. § 40-28-117(a) which states parole is "a privilege and not a right"), we find that the defendant, while not having a right, has an interest in being paroled from the federal charges, which he is losing with the passage of time while he remains unsentenced. Accordingly, *via Rule 10*, we will review the merits of his claims.

4

## I. Speedy Trial

First, the defendant alleges his right to a speedy trial has been violated because a sentence has not been imposed during the eight-year period since his guilty plea. The defendant contends that the sentencing phase is included in the right to a speedy trial. The state contends that the defendant's right to a speedy trial ceased once he pleaded guilty. Alternatively, the state further contends that if the right to a speedy trial extends to sentencing, the defendant's right to a speedy trial was not violated.

The United States and Tennessee Constitutions guarantee the criminally accused the right to a speedy trial in all criminal prosecutions. U.S. Const. amends. XI & XIV; Tenn. Const. art. I, § 9. The right to a speedy trial is also statutory in Tennessee. Tenn. Code Ann. § 40-14-101 (1997). Whether the right to a speedy trial includes the sentencing phase has not been directly addressed by the United States Supreme Court. However, Supreme Court decisions provide some limited guidance.

In one decision, the Supreme Court assumed that the sentencing phase was included. In Pollard v. United States, 352 U.S. 354, 77 S. Ct. 481 (1957), the defendant pleaded guilty to a charge of embezzlement. Id. at 355, 77 S. Ct. at 482. The trial court failed to sentence Pollard while he was in the courtroom, but after Pollard left the courtroom and the prosecutor asked the trial court about Pollard's sentence, the trial court sentenced Pollard to probation commencing after his release from an unrelated charge. Id. at 356, 77 S. Ct. at 483. Because the sentence was imposed after the defendant had left the courtroom, it was void. Id., 77 S. Ct. at 483. Nearly two years later, Pollard violated the terms of his probation and was brought before the trial court. Id. at 356-57, 77 S. Ct. at 483. The trial court set aside the original judgment and sentenced Pollard

5

to two years imprisonment. Id. at 357, 77 S. Ct. at 483. Pollard appealed the conviction, and the Supreme Court considered whether his Sixth Amendment right to a speedy trial was violated. Id. at 359, 77 S. Ct. at 484. In addressing this issue, the Supreme Court assumed "*arguendo* that sentenc[ing] is part of the trial for purposes of the Sixth Amendment." Id. at 361, 77 S. Ct. at 486. The Supreme Court affirmed the sentence and held that the trial court promptly corrected its error and that any delay was not purposeful or oppressive. Id. at 361-62, 77 S. Ct. at 486.

Many state and federal courts have concluded that sentencing proceedings are part of the Sixth Amendment speedy trial provision. The courts that found sentencing to be included in the speedy trial protection have relied on Pollard. See, e.g., Burkett v. Cunningham, 826 F.2d 1208, 1220 (3d Cir. 1987); Perez v. Sullivan, 793 F.2d 249, 253 (10th Cir. 1986); United States v. Reese, 568 F.2d 1246, 1252-53 (6th Cir. 1977) (court analyzed sentencing delay as speedy trial violation without explicitly finding that the sentencing phase was included in speedy trial protection); Juarez-Casares v. United States, 496 F.2d 190, 192 (5th Cir. 1974); United States v. Tortorello, 391 F.2d 587, 589 (2d Cir. 1968) (per curiam); Gonzales v. State, 582 P.2d 630, 632-33 (Alaska 1978). But see State v. Johnson, 363 So.2d 458 (La. 1978).

Our supreme court has considered the scope of proceedings encompassing the right to a speedy trial. See Allen v. State, 505 S.W.2d 715 (Tenn. 1974). In Allen, the defendant, incarcerated on another conviction, experienced a two-and-one-half year delay before his probation revocation hearing. Id. at 716-17. In deciding that the defendant's right to a speedy trial included the probation revocation hearing, our supreme court held that the probation revocation proceeding is a continuation of the original criminal prosecution. Id. at 719.

6

Because sentencing must occur before a probation revocation hearing, the constitutional right to a speedy trial necessarily includes the sentencing phase. Accordingly, we apply the constitutional speedy trial provision to the pending sentencing procedure in the present case.

In determining whether a criminal defendant's right to a speedy trial has been violated, the Tennessee Supreme Court has adopted the approach announced by the United States Supreme Court in <u>Barker v. Wingo</u>, 407 U.S. 514, 92 S. Ct. 2182 (1972). Under the <u>Barker</u> analysis, four factors determine whether a defendant's right to a speedy trial has been violated. The factors are (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the defendant has suffered prejudice from any delay. <u>State v. Bishop</u>, 493 S.W.2d 81, 84 (Tenn. 1973). On appellate review, the trial court's determination in this regard is subject to review for abuse of discretion. <u>See</u> <u>State v. Jefferson</u>, 938 S.W.2d 1, 9 (Tenn. Crim. App. 1996).

Delays of more than a year automatically trigger further inquiry under the other <u>Barker</u> factors. <u>State v. Utley</u>, 956 S.W.2d 489, 494 (Tenn. 1997), <u>State v. Vickers</u>, 985 S.W.2d 1, 5 (Tenn. Crim. App. (1997). Tennessee Code Annotated section 40-35-209 requires the trial court to conduct a sentencing hearing "without unreasonable delay, but in no event more than forty-five (45) days" after acceptance of a guilty plea. Tenn. Code Ann. § 40-35-209(a) (1997).

A review of the existing record shows that the defendant has presented a claim upon which relief might be granted if the claim is established by proof upon a hearing.

The defendant entered a guilty plea on December 5, 1990, with

7

sentencing set for February 1991. The defendant had not yet been sentenced at the time the trial court denied his motion to dismiss for lack of a speedy trial in January, 1999. Therefore, the delay in sentencing is about eight years. This factor would weigh against the state.

The reason for the delay can be partially attributed to the defendant. He failed to appear for sentencing in February 1991. He was taken into federal custody in August 1991 on an unrelated charge. He filed his first demand for a speedy trial in May 1992. The reason for the delay in sentencing for the time in which the defendant failed to appear for sentencing until he requested a speedy trial must be attributed to the defendant. He cannot now complain of not receiving a speedy trial for the time in which he was at fault for avoiding the court. See e.g., State v. Taylor, 771 S.W.2d 387, 399 (Tenn. 1989) (no speedy trial violation because the delay was the result of defendant's action).

The reason for the delay after the defendant was incarcerated and first requested a speedy trial in 1992 is not clear from the record. The state was aware of the defendant's federal incarceration because it was in contact with federal officials regarding the defendant's tentative release date from as early as 1994. At this juncture, the state offers no explanation for failing to transport the defendant to Tennessee in order for a sentencing hearing to be conducted; however, at a hearing, the state would have the opportunity to prove justification or excuse for the delay.

The defendant asserted his right to a speedy trial in 1992 and again in 1998. As the Barker court noted, the "defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker, 407 U.S. at 531-32, 92 S. Ct. at

8

2192-93. The state was aware that the defendant wanted to have a sentencing hearing and finish these proceedings in 1992. The Supreme Court has declared that the state has "a constitutional duty to make a diligent, good-faith effort to bring him [to] trial." Smith v. Hooey, 303 U.S. 374, 383, 89 S. Ct. 575, 579 (1969).

The defendant asserts that he has been prejudiced by this delay in sentencing. However, because the trial court decided the defendant's motions without a hearing, the defendant was not afforded the opportunity to present evidence of prejudice. Our supreme court has held that showing prejudice is the most important part of the Barker weighing process. See State v. Wood, 924 S.W.2d 342, 348 (Tenn. 1996).

The defendant is currently serving a sentence in a federal prison. He claims that he has been prejudiced because he is subject to an increased security classification; he has been incarcerated with violent offenders, even though he has not committed any violent crime; he has been denied access to rehabilitative programs; and he has been denied federal parole. Additionally, he correctly states that the possibility of concurrent state and federal sentences is being lost as he nears completion of his current federal incarceration.

The defendant also asserts that until he is sentenced, he can, upon a showing of any fair and just reason, withdraw his guilty plea. Tenn. R. Crim. P. 32(f). If he were to withdraw his plea, he would be subject to a trial on the charge.[3] Considering that the defendant has not been afforded an opportunity to present evidence supporting his claims, the weight of the factor of prejudice cannot be determined.

---

[3]See n.1. A withdrawal of the guilty plea on count 1 apparently would leave both counts of the indictment unresolved.

9

After considering these factors, we conclude that the defendant has stated a presentable claim for consideration of a deprivation of speedy trial rights. We reverse the trial court's order dismissing the defendant's speedy trial claim without a hearing and remand this case to the trial court so that either party may offer evidence on this issue.

The defendant raised, but did not provide appellate argument on, the issue of a due process violation because of the delay in sentencing. For purposes of this appeal, that issue has been waived. We leave it to the defendant to develop any due process violation claim on remand.

## II. Interstate Compact on Detainers

The defendant contends the indictments against him should be dismissed because the state failed to comply with the Interstate Compact on Detainers Act (the "Act"). The Act is an agreement between the United States and the states which have adopted the Act and among the individual states which have adopted it. The purpose of the Act is "to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers based on *untried* indictments, informations or complaints." Tenn. Code Ann. § 40-31-101, art. I (1997) (emphasis added). Article III of the Act requires that if a person has any "pending . . . untried indictment, information or complaint . . ., the person shall be brought to trial within one hundred eighty (180) days after" requesting a final disposition. Tenn. Code Ann. § 40-31-101, art. III (1997).

The Supreme Court has held that Article III of the Act does not apply to detainers based on probation violation charges. Carchman v. Nash, 473 U.S. 716, 734, 105 S. Ct. 3401, 3410-11 (1985). The Court relied on the plain language

10

of the Act in reaching its conclusion. Id., 105 S. Ct. at 3410-11. Article III applies to any pending "untried indictment, information or complaint." Id. at 718-19, 105 S. Ct. at 3402-03. The natural interpretation of this language is that Article III applies only to matters that can be brought to a full criminal trial, that is, pending criminal charges or charges being prosecuted. Id. at 724-25, 105 S. Ct. at 3405-06. The Carchman majority held that a probation violation fell outside Article III because the Article III language applied to the guilt phase of criminal trials. Id. at 725-26, 105 S. Ct. at 3406. The Court found that a probation violation hearing would determine whether the probation conditions should be modified or the probationer should be resentenced. Id., 105 S. Ct. at 3406. In either case, the probationer would not be entitled to "the panoply of due process rights accorded a defendant at a criminal trial." Id., 105 S. Ct. at 3406.

The dissent in Carchman felt that Article III's reference to "trial" embodied the broad concept of "final disposition," Id. at 744, 105 S. Ct. at 3416 (Brennan, J., dissenting), but we agree with the Carchman majority that Article III applies only to untried criminal charges. Although Carchman did not specifically address at which point a criminal charge becomes untried, we hold that after the guilt phase is completed, the charges are no longer untried for purposes of Article III. This position is consistent with the finding in Carchman that the resentencing function of probation revocation is outside the ambit of Article III. Id. at 725-26, 105 S. Ct. at 3406.

The above position is consistent with State v. Evitts, 915 S.W.2d 468 (Tenn. Crim. App. 1995), where this court held the Act did not apply to a defendant who had pleaded guilty, received judicial diversion, violated the terms of his diversion, and was awaiting sentencing. The defendant in Evitts was in jail in another jurisdiction when he sought to invoke Article III of the Act and be sentenced

11

within 180 days of his request for final disposition. Id. at 469-70. This court held that the remaining proceeding against the defendant was not an "untried indictment, information, or complaint." Id. at 470 (quoting Tenn. Code Ann. § 40-31-101, art. III(a)). See also State v. Hill, 875 S.W.2d 278 (Tenn. Crim. App. 1993).

We also note that the proceedings which constitute a trial for the constitutional right to a speedy trial are not necessarily the same proceedings to which Article III applies. While there is some similarity in purposes and policy behind the constitutional and statutory rights, there is not enough to warrant the broad definition of trial as required for the constitutional right.

In this case, the defendant pleaded guilty in 1990 to the indictment for obtaining money by false pretenses. Accordingly, this indictment was no longer "untried." The state lodged a detainer on the defendant in 1997 for the purpose of sentencing. The Interstate Compact on Detainers does not apply to the defendant's sentencing detainer.

The judgment of the trial court dismissing the speedy trial claim is reversed. Otherwise, the judgment of the trial court is affirmed. The case is remanded to the trial court for further proceedings.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

12

_____
JOHN EVERETT WILLIAMS, JUDGE