CHARLES RAY HILL

*v.*

STATE OF TENNESSEE

(*Nashville,* December Term, 1956.)

Opinion filed July 29, 1957.

M. S. Ross, Nashville, for plaintiff in error.

James M. Glasgow, Assistant Attorney General, for the State.

## PER CURIAM.

This case involves the revocation of a suspended sentence. The defendant, Charles Ray Hill, was convicted of a series of larcenies on November 15, 1949, and sentenced to the State penitentiary for 5 years. The trial judge, however, ordered that the sentence of 5 years be served in the Davidson County workhouse and that it be suspended.

On August 30, 1954, the District Attorney General, Hon. J. Carlton Loser, filed a petition in Division II of the Criminal Court of Davidson County seeking a revo-

cation of the aforesaid suspended sentence. This petition, duly verified, charged the following:

"That the above named Charles Ray Hill was indicted upon three cases of petit larceny and three cases of grand larceny on November 3, 1949. Said cases were thereafter set for trial and said defendant came before your Honor on November 15, 1949, receiving a sentence of 30 days each in five cases and a sentence of five years in the remaining case, which sentence was transferred from the Penitentiary to the Workhouse and suspended, whereupon Hill was placed on parole for a period of five years. The larceny charges resulted from a series of lootings at fraternity houses and dormitories at Vanderbilt University. Just recently the said Hill was caught again looting at Vanderbilt and he has been arrested and bound over to the Grand Jury.

"Your Petitioner wishes to show further unto the Court that subject had been convicted of larceny before coming into your Honor's Court and that he has had convictions since his sentence was suspended, all of which is reported by the Hon. Fred Newman, Parole Officer for this County."

The prayer of the petition is that the defendant be served with a copy of the petition requiring him to appear and answer and show cause, if any, why said suspended sentence should not be revoked. Pursuant to the filing of this petition, the court ordered a *capias* to issue for the arrest of Hill and that he be placed in custody pending a hearing on the petition. This order was issued on August 30, 1954.

On September 15, 1954, the court ordered another *capias* to issue. The next entry on the minutes of the court, as of October 4, 1956, is as follows:

"Came the Attorney General who prosecutes for the State.

"Thereupon, it is ordered by the Court that this case be and the same is hereby placed on the retired docket."

On November 26, 1956, the following entry appears:

"Came the Attorney General who prosecutes for the State and the defendant in custody.

"Thereupon, a petition to revoke defendant's suspended sentences heretofore filed by the Attorney General was on this date served upon the defendant, giving him statutory notice, being a fugitive from justice since August of 1954.

"Mr. Monty Ross, represents the defendant."

On December 11, 1956, the defendant filed a motion that the State make its petition more specific. It seems that this motion was never brought to the attention of the trial judge. The defendant filed an answer to the petition on January 11, 1957, denying all the charges in the petition and specifically denied that he had even been convicted of any crime since the suspension of his sentence. He denied also that he had violated the terms of his parole.

The principal defense made to the petition is that the five year suspended sentence expired on November 26,

1954, and the court was without any legal authority to order a revocation.

█ The trial judge ordered a revocation of the suspended sentence and that said defendant be committed to the workhouse for a period of 5 years. A motion for a new trial was made and overruled, resulting in this appeal. The only question for our consideration is whether or not the statute of limitations barred the proceedings for revocation of this sentence.

It was expressly held in *McGuire v. State*, 200 Tenn. 315, 292 S.W. 2d 190, 193, that Section 40-2906, T.C.A., is "a statute of limitations and the same is tolled the same as any other act containing a limitation of power." This case differs from the case at bar in this respect. The notice to McGuire of the revocation proceeding was within one year from the original conviction and order of suspension, and it was not error for the court to try the case after the expiration of the one year period. The notice within the one year period operated to suspend the running of the statute. It is conceded in the case at bar that the petition for revocation was filed prior to the expiration of the judgment of conviction, but it was not served upon the defendant until after the expiration of that time.

█ We think there is material evidence to sustain the trial judge's action in holding that prior to the expiration of the five year period the defendant had become a fugitive from justice. The *capias* and copy of the petition could not be issued and served upon him because he was a fugitive from justice.

It appears from the undisputed evidence that following the suspension of the sentence of Hill he was apprehended in attempting to steal articles from the dormitories of Vanderbilt University. A professional bondsman, one Frank McDonald, testified he made his bond, and when defendant's case was called for arraignment and trial, although duly notified of the time, he failed to appear. A forfeiture was taken on the bond. The bondsman sought to find the defendant without success, and the case was retired from the docket.

In October, 1956, defendant was arrested in Houston, Texas, with one Sidney Rowlett, an escaped convict from the Davidson County workhouse. The two men were brought back and lodged in jail at Nashville, Tennessee. All of the foregoing evidence related to the forfeiture of the appearance bond. It was part of the original cause. However, it was not determinative of the authority of the court to revoke the sentence. We consider it solely as an explanation of the court's order retiring the case and also for the failure to serve the petition and *capias* until November 26, 1956.

We think both the petition and the order for the issuance of the *capias* were ample notice and a compliance with Section 40-2907, T.C.A. Moreover the minute entry of November 26, 1956, herein referred to, clearly indicates that Hill had been a fugitive from justice since August, 1954. We are justified in this conclusion since the defendant was at all times under parole to the Parole Officer of Davidson County, pursuant to Chapter 490, Private Acts of 1947. The trial judge must have had satisfactory reasons for retiring the cause from the docket as well as sound and sufficient reasons for enter-

ing upon the minutes the statement that said defendant had been a fugitive from justice. In the absence of any direct evidence, the recital on the minutes of the court should be accepted as *prima facie* true. *Galyon v. State,* 189 Tenn. 505, 226 S.W.2d 270.

These causes involving the suspension of sentence are tried as civil cases, and the judgment of revocation is presumed to be correct. In other words, we will presume that it was not arbitrary or capricious, but was based upon material evidence.

The judgment of the trial court is affirmed.

PREWITT, TOMLINSON, BURNETT and SWEPSTON, JUSTICES, concur.

NEIL, CHIEF JUSTICE, not participating.