**Roy ALLEN, Jr., Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Supreme Court of Tennessee.

Feb. 19, 1974.

Dan P. Whitaker, Haywood & Whitaker, Lewisburg, for plaintiff in error.

David M. Pack, Atty. Gen., of Tenn., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, for defendant in error.

OPINION

W. M. LEECH, Special Justice.

This cause arose out of a probation revocation hearing in which the Circuit Court

for Marshall County revoked defendant's four year suspended sentence for third degree burglary. Said revocation was appealed to the Court of Criminal Appeals and in a unanimous opinion that Court reversed the trial court. The State petitioned this Court for a writ of certiorari which we granted.

The pertinent facts as ascertained from the technical record and the bill of exceptions reveal that:

On April 1, 1968, the defendant, Roy Allen, Jr., pleaded guilty to third degree burglary in the Marshall County Circuit Court, and was sentenced to serve three to five years in the state penitentiary. Thereupon, that sentence was suspended and defendant was placed on probation for four years. Thereafter, on March 8, 1970, defendant assaulted a police officer in Davidson County which ultimately led to his conviction of assault with intent to commit murder. Shortly thereafter, defendant began serving a seven to twenty-seven year sentence in the state penitentiary where he remains today. On March 9, 1970, as a result of the aforementioned March 8th incident, the Marshall County Circuit Court issued a warrant for the defendant's arrest compelling him to appear before said court on March 20, 1970, to answer for violation of his probation. However, no action was taken on said warrant by the State for over two and one-half years, even though the defendant was readily accessible throughout this period. On August 30, 1972, because of pending parole possibilities, defendant inquired into the Marshall County charge. As a direct result of defendant's inquiry, a hearing was set on the suspended sentence charge for November 10, 1972, and a detainer request was filed at the state penitentiary. On November 10, 1972, the day of the hearing, defendant was finally served with the warrant which had been issued over two years and eight months earlier.

The first issue for our resolution is whether the Court of Criminal Appeals correctly determined that the trial court acted beyond its power in revoking the suspension of sentence since that court's action came at a time which exceeded the maximum time ordered for the suspension. This issue is governed by T.C.A. § 40–2906, which provides:

"The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as mentioned in § 40–2907, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly."

After examining the above statute, the Court of Criminal Appeals stated that:

"An examination of the chronological sequence of events in this case makes it immediately clear that the action of the trial judge came more than four years after the order of suspension. It was beyond the power of the trial judge to revoke the suspension because the hearing came at a time which exceeded the maximum time which was directed and ordered by the court for such suspension. It is true the arrest warrant issued on March 9th, 1970, but it was never served upon the defendant until November 10th, 1972, after he had been returned to Marshall County from the Penitentiary at his own request, and was in the courtroom for the revocation hearing.

"Insofar as this record is concerned, neither the defendant, nor any prison authority responsible for his detention, had any notice of the detainer until October 30th, 1972. Defendant's request for disposition of the complaint against him was dated August 30th, 1972, but this is not a matter of a demand for a speedy trial. It is a case of clear violation of the mandate of T.C.A. § 40–2906 which prescribes the time within which a trial judge shall possess the power to revoke and annul a suspended sentence."

In response thereto, the State contends that the issuance of the warrant on March 9, 1970, served to toll the statute of limitations set forth in T.C.A. § 40–2906. With this contention we agree.

In previously construing this section, we have consistently held that:

" . . . the foregoing Code Section [is] a statute of limitations and the same is tolled the same as any other act containing a limitation of power. *The proceeding to revoke a suspended sentence is in the nature of a continuation of the original prosecution. The commencement of any criminal prosecution is upon the issuance of a criminal warrant,* as in the cases at bar, or upon the return of an indictment or presentment when no warrant issued." (Emphasis added). *See, e. g.,* McGuire v. State, 200 Tenn. 315, 292 S.W.2d 190, (1956).

Moreover, the legislature in T.C.A. § 40–206 has also indicated that the commencement of a prosecution, and by implication the tolling of a statute of limitation, is made "by finding an indictment or presentment, *the issuing of a warrant,* or by binding over the offender." (Emphasis added). In addition, as early as 1851, in State v. Miller, 30 Tenn. 505, this Court held that the prosecution commences, and by implication the statute of limitation is tolled, by the issuance of a warrant.

When the Court of Criminal Appeals spoke to the aforementioned issue, they indicated that the statute of limitation, T.C.A. § 40–2906, could not be tolled by the issuance of the warrant, but only by giving the defendant notice of the pending revocation. They seem to indicate further that said notice could only be given by serving the warrant on the defendant. The basis for the court's decision rests primarily on Hill v. State, 202 Tenn. 416, 304 S.W.2d 619 (1957), wherein we said in dictum that *Hill* differed from *McGuire,* supra, because of "notice".

It is clear, however, that *Hill* and *McGuire* are both factually and legally distinguishable from the instant case. For example, in *McGuire,* the warrant was filed and served within the period of limitation, therefore, the running of the statute was clearly tolled. In *Hill,* the warrant was also filed within the period of limitation, but the warrant was not served until after the expiration of the period of limitation. Nevertheless, we affirmed Hill's revocation because he had been a fugitive from justice, therefore, he could not be served within the period of limitation. More importantly, in *Hill* we were not concerned with whether the issuance or the service of the warrant tolled the statute, but rather we were concerned solely with the question of what effect a fugitive from justice had on the running of T.C.A. § 40–2906.

With the foregoing in mind, we must conclude, and we so hold, that in the instant case, as well as in other criminal prosecutions, that the statute of limitation is tolled by the issuance of the warrant and not by service of the warrant on the defendant.

Although we have concluded that T.C.A. § 40–2906 was tolled by the issuance of the warrant, the previously pretermitted question remains, whether the two and one-half year delay in bringing defendant to the revocation hearing was a violation of Article 1, § 9 of the Tennessee Constitution, which provides in pertinent part:

"That *in all criminal prosecutions,* the accused hath the right to . . . a speedy public trial, by an impartial jury . . . ." (Emphasis added).

This provision has been codified in T.C.A. § 40–2001, wherein the legislature provides:

"*In all criminal prosecutions,* the accused is entitled to a speedy trial, and to be heard in person and by counsel." (Emphasis added).

In like manner, the Sixth Amendment to the Constitution of the United States provides:

"*In all criminal prosecutions,* the accused shall enjoy the right to a speedy and public trial . . . ." (Emphasis added).

Thus, in order to resolve this last issue, we must determine whether the probation revocation procedure is a part of a "criminal prosecution." If we ascertain that such is a "criminal prosecution" or a continuation thereof, then there is a concomitant right to a speedy trial. On the other hand, if we find such is not a "criminal prosecution" or a continuation thereof, then we must affirm the revocation and reverse the Court of Criminal Appeals.

In our effort to resolve this issue, we have been able to find only one other jurisdiction to confront the issue head-on— Texas. Article 1, § 10, of the Texas Constitution, which is similar to ours, provides that:

"*In all criminal prosecutions* the accused shall have a speedy public trial by an impartial jury . . . ." (Emphasis added).

In interpreting their constitutional section, the Texas Supreme Court in Fariss v. Tipps, 463 S.W.2d 176 (Tex.1971), held that a probation revocation proceeding is a type of "criminal prosecution" which requires a speedy trial. In reaching their decision the court said:

"The purpose of the speedy trial provision . . . [is] as follows:

'This constitutional provision was adopted upon general considerations growing out of experience of past times, and was intended to prevent government from oppressing the citizen by holding criminal prosecutions suspended over him for an indefinite time; and it was also intended to prevent delays in the customary administration of justice, by imposing upon the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal accusations.'

"If this announced purpose is to be implemented in all areas of the trial process in which an accused may suffer prejudice from unreasonable delay, the right to a speedy trial of a revocation proceeding should be recognized and enforced by this court.

'Since the earlier decisions of this Court concerning the nature of the revocation proceedings, it has now been held that while a state is not constitutionally required to provide for probation and revocation proceedings as a part of its criminal process any more than it is required to provide for appellate review, when it does, then due process and equal protection of the law is fully applicable thereto. [Cases cited.]

'It would indeed now be difficult to conclude that probation revocation hearings are not criminal proceedings "where substantial rights of an accused may be affected." [Cases cited.] The revocation proceedings cannot be isolated from the context of the criminal process. * * *'

"It is unthinkable that either this court or the Court of Criminal Appeals would hold that a defendant in a revocation proceeding could be denied a 'public' trial and be subjected to a private and secret trial over his protest; and the reasons for holding that one cannot be denied a 'speedy' trial are equally cogent. It would not make good sense to hold that one charged with a minor traffic violation, considered by neither the defendant nor third persons as a serious disqualification for employment, could demand and obtain a speedy trial, as we would be required to do, and yet that one denied employment opportunities because he is faced with years of imprisonment in a pending revocation proceeding, which may have no valid basis, could not

demand a trial. Once we hold, as we do, that our constitution provides for a speedy trial in probation revocation proceedings, a trial judge does not have discretion to deny it. . . . The constitutional rights guaranteed by Sec. 10, Art. I of our constitution either exist or do not exist in this type of trial, and if they exist they may not be taken away in the name of discretion."

Similarly, this Court has said in McGuire v. State, supra, that "[t]he proceeding to revoke a suspended sentence is in the nature of a continuation of the original prosecution." Moreover, earlier in this opinion we spoke of a probation revocation proceeding as a criminal prosecution and we used criminal cases as a basis for holding that T.C.A. § 40–2906 was tolled by the issuance of a warrant. In light thereof, it would be totally inconsistent for us to say that the probation revocation procedure is not a criminal prosecution or a continuation thereof.

In addition to the foregoing, the United States Supreme Court in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), has also indicated that the revocation of a suspended sentence is a critical stage of a criminal prosecution. Therein the Court held:

"All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing."

In light of the previously cited authority, we expressly hold that a probation revocation proceeding is a continuation of the criminal prosecution, and as such, the defendant in the instant case has a constitutional right to a speedy trial on "the offense of violation of the terms of probation." Any language in former opinions contrary to our holdings herein shall conform to the holdings in this case.

In order to make a final disposition of this cause, we made a long exhaustive examination of the technical record and

the bill of exceptions and we have concluded that Roy Allen, Jr. was prejudiced by the two year, eight month delay. Thus, we affirm the result reached by the Court of Criminal Appeals and reverse the revocation. Accordingly, the state penal authorities are to be notified of this Court's action.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.