**Joseph B. MATHIS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

June 20, 1978.

Certiorari Denied by Supreme Court Aug. 7, 1978.

Harold E. Brown, Chattanooga, for appellant.

Brooks McLemore, Jr., Atty. Gen., Michael J. Passino, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., Stephen M. Bevil, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

OPINION

DUNCAN, Judge.

The appellant, Joseph B. Mathis, contests the ruling of the trial judge in revoking his probationary sentence. We find no error and affirm the judgment.

On July 19, 1973, after entering a plea of guilty to the offense of concealing stolen property over the value of $100.00, the appellant was sentenced to the penitentiary for a term of not less than 3 years nor more than 3 years.

On October 2, 1973, the appellant's petition for a suspended sentence was granted, and the trial judge's order provided in part that the appellant's probation was "conditioned on defendant's good behavior for a period of 10 years under the supervision of the State Parole Office."

On January 8, 1974, the trial judge entered an order discharging the appellant from active supervision. This order further provided that: "[T]he balance of the period of probation will remain in effect until the expiration, or as modified by further order of the Court."

On October 24, 1976, the appellant was arrested and charged in several cases of armed robbery. On November 17, 1976, the

State filed a petition to revoke the appellant's probation, a capias was issued for his arrest, and he was subsequently arrested on November 18, 1976.

On January 12, 1978, the appellant was convicted on 9 cases of armed robbery, and on January 27, 1978, the trial judge revoked the appellant's probationary sentence and ordered it to be served consecutive to his armed robbery sentences.

The appellant contends that the trial judge was without authority to revoke his suspended sentence, alleging that the maximum time directed and ordered for such suspension had lapsed before the occurrence of his armed robbery offenses which were the basis for the revocation of his suspended sentence. We do not agree.

The appellant erroneously interprets the term of his probation to have been for 3 years. We interpret the trial judge's order of October 2, 1973, to the contrary. In that order he conditioned the appellant's probation on his "good behavior for 10 years," which clearly attests that the trial judge was setting the duration of the appellant's probation to be for 10 years. The trial judge had the authority to set this duration by virtue of T.C.A. § 40–2901, which provides, as follows:

" . . . The trial judge shall possess the power to set the duration of such suspension at any period of time equal to the minimum sentence, but not more than the maximum sentence provided for the offense committed by the defendant . . . ."

We note that T.C.A. § 39–4217(C) specifies 10 years as the maximum sentence for concealing stolen property over the value of $100.

The trial judge's order of January 8, 1974, only discharged the appellant from active supervision. It in no way altered the 10 year duration of his probation. In fact, that order specifically stated that "the balance of the period of probation will remain in effect . . . ."

Because the duration of the appellant's probation was 10 years, then it would necessarily follow that these revocation proceedings which were commenced in November, 1976, were well within the statute of limitations as contemplated by the provisions of T.C.A. § 40–2906, which provide:

"The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke and annul such suspension, . . ."

The case of *Hill v. State*, 202 Tenn. 416, 304 S.W.2d 619 (1957), cited by the appellant in his brief, is not applicable to the issue at hand. In *Hill*, the revocation proceedings were begun within the duration of that defendant's probation.

In agreeing with the appellant's position, the State cites in its brief the cases of *McGuire v. State*, 200 Tenn. 315, 292 S.W.2d 190 (1956) and *Allen v. State*, 505 S.W.2d 715 (Tenn.1974) for the proposition that a trial court is without authority to revoke a suspended sentence after the applicable statute of limitations has expired. We have no quarrel with that proposition, but it is irrelevant to the issue before us because the statute of limitations had not run in the present case.

The actual holding in *McGuire* was that serving notice of revocation to the probationer tolled the running of the statute of limitations. In *Allen*, the actual holding was that the tolling of the statute was to be tested by the date of the issuance of the revocation warrant and not the date that the warrant was served.

Further, we would point out that in the *McGuire* case, the Supreme Court, in affirming the trial judge's order revoking that defendant's suspended sentence, was dealing with a judgment order that set the defendant's sentence at 90 days in the workhouse, conditioned "upon his good behavior for one year." The revocation proceedings were not commenced within the 90

day period of his sentence; rather, they were commenced within the one year period that had been set as the duration of his probation. In the present case, we are dealing with a situation quite similar to the *McGuire* situation. Here the defendant's probation was "conditioned on defendant's good behavior for a period of 10 years." Also, the revocation proceedings in the present case did not commence within the period of the appellant's actual sentence (3 years), but were commenced within the period (10 years) set for the duration of his probation.

We overrule the appellant's assignment of error and affirm the judgment of the trial court.

WALKER and TATUM, JJ., concur.