IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

# STATE OF TENNESSEE v. LAWRENCE RALPH, JR.

**Direct Appeal from the Circuit Court for Warren County**
**No. F-6521 F-6520   Charles D. Haston, Sr., Trial Judge**

---

**No. M1999-01635-CCA-R3-CD - Decided June 16, 2000**

---

Two years and six months passed between the issuance of a probation revocation warrant and the revocation hearing. This delay did not deny the defendant his right to a speedy trial. The trial court's conclusion that the delays were caused by the defendant's replacing his counsel three times is supported by the evidence. However, the record reveals an inconsistency regarding sentencing. Therefore, we remand solely for the trial court's determination as to whether this sentence shall be served concurrently with or consecutively to other charges.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Remanded for Entry of Sentence**

WILLIAMS, J., delivered the opinion of the court, in which Smith and Wedemeyer, JJ., joined.

Keith S. Smartt, McMinnville, Tennessee, for the appellant, Lawrence Ralph, Jr.

Paul G. Summers, Attorney General and Reporter, Jennifer L. Bledsoe, Assistant Attorney General, and Clement Dale Potter, District Attorney General, McMinnville, Tennessee, for the appellee, State of Tennessee.

## OPINION

### Facts

The defendant, Lawrence Ralph, Jr., appeals the trial court's decision to revoke his probation. He asserts that his right to a speedy trial was denied and his revoked sentence should run concurrently with, as opposed to consecutively to, the other charges. The defendant does not contest the grounds supporting the revocation.

In July 1993, the defendant pled guilty to two counts of Sale of Schedule IV Controlled Substance, and the Warren County Circuit Court imposed two concurrent three-year sentences. That court imposed split confinement. The defendant was to serve seven months in jail and the remaining two years and five months on probation.

In November 1994, while on probation for the 1993 offenses, the defendant was charged with various offenses. These new charges were the basis for the issuance of a probation revocation warrant on January 26, 1995.

On June 26, 1996, the defendant was found guilty of various offenses from November 1994.[1] For these offenses the trial court sentenced the defendant as a Range II offender to effectively sixteen years and eight months.

On August 8, 1997, the trial court held the revocation hearing complained of in this appeal. This revocation hearing occurred some two years and six months after the issuance of the probation revocation warrant. At this hearing, the defendant testified about the length of delay. He denied ever requesting any continuance, preferring to "get it all over with." He claimed that he had asked his counsel to expedite the revocation hearing. On cross examination, the defendant testified that he had been represented by four different attorneys, three of them having been dismissed and replaced at his request.

The trial court concluded that the defendant's dissatisfaction with various counsel, and subsequent replacement of counsel, caused the delay and that neither the state nor the trial court caused the delay. The trial court revoked probation and in a subsequent order imposed the suspended sentence consecutively to the sentence for the 1996 convictions.

## Analysis

### Speedy Trial

After the revocation warrant was issued, two years and six months passed before the probation revocation hearing, and the defendant asserts that this time interval was prejudicial against him and denied him due process. Therefore, he argues that the revocation petition should have been dismissed because he was denied his right to a speedy trial.

A probation revocation, a continuation of criminal prosecution, falls within a defendant's constitutional right to a speedy trial. See U.S. CONST. amends. XI, XIV; TENN. CONST. art. I, § 9; Allen v. State, 505 S.W.2d 715 (Tenn. 1974). A trial court must carefully balance societal interest in punishing criminals against a defendant's interest in a speedy trial, because dismissal of charges is the only available remedy for violation of the right. See State v. Bishop, 493 S.W.2d 81, 83 (Tenn. 1973). In Bishop, our Supreme Court adopted factors articulated by the United States Supreme Court as the relevant analytical framework for alleged violations of the right to a speedy trial:
  (1) The length of the delay;

___

[1] The defendant was convicted at his jury trial of D.U.I., seventh offense; theft over $1000.00; failure to yield to an emergency vehicle; evading arrest; resisting arrest; violation of habitual traffic offender; and burglary of an automobile.

(2) the reason for that delay;
(3) the defendant's assertion to his right to speedy trial; and
(4) the prejudice to the defendant.
See id. at 84 (citing Barker v. Wingo, 92 S.Ct. 2182 (1972)).

In Bishop, the delay occurred after arrest and arraignment of the defendant, see id. at 82-83, in contrast to the instant interval between issuance of the probation revocation warrant and the revocation hearing. Our Supreme Court has "expressly h[e]ld that a probation revocation proceeding is a continuation of the criminal prosecution," meriting consideration of the enumerated constitutional safeguards. Allen, 505 S.W.2d at 719. Although the Allen analysis did not explicitly apply the Bishop factors, a panel of our Court applied them in a subsequent analysis of a delay of a probation revocation hearing in Blackwell v. State, 546 S.W.2d 828, 830 (Tenn. Crim. App.1976). We apply those factors in the instant case.

*The duration of delay.*

Two and one-half years passed between issue of the warrant and the hearing. After service of an arrest warrant, delays approaching one year generally trigger further inquiry regarding the remaining three factors. See State v. Utley, 956 S.W.2d 489, 494 (Tenn. 1997); see also State v. Wood, 924 S.W.2d 342, 346 (Tenn. 1996) (The length of the delay is a "triggering mechanism."). In Allen, a delay of two years and eight months between issuance of a revocation warrant and the revocation hearing merited consideration under the defendant's right to a speedy trial. See Allen, 505 S.W.2d 715.

*Prejudice against the defendant*

We next address the issue of prejudice. Only "presumptively prejudicial" delays necessitate analysis under the remaining two factors, but the line of demarcation regarding prejudice depends upon the nature of the case: "The presumption that a pre-trial delay has prejudiced the accused intensifies over time." Utley, 956 S.W.2d at 494. Without holding that the delay is "presumptively prejudicial" under the instant circumstances, we note that a defendant on such appeal need not "affirmatively prove particularized prejudice." Wood, 924 S.W.2d at 348. Prejudice may involve:
(1) Undue and oppressive pre-trial incarceration;
(2) anxiety accompanying public accusation; and
(3) impairment of ability to prepare a defense.
See Bishop, 493 S.W.2d at 85.

The defendant testified that his pending revocation hearing had been "hanging over his head" and that he could not get his time calculated in prison. He did not allege that the delay negatively impacted his defense against the revocation charge. See Blackwell, 546 S.W.2d at 830.

The defendant asserts that the delay is presumptively prejudicial and a presumptive denial of due process, thereby imposing a burden on the state to show just cause for such delay. We do not find such a burden established by precedent, although a burden-shifting analysis may apply when

due process rights, versus the speedy trial right, are violated by a substantial interval between alleged commission of an offense and instigation of prosecution. See State v. Gray, 917 S.W.2d 668 (Tenn. 1996).

We distinguish Allen, the defendant's cited authority for his argument, from the instant case. In Allen, the defendant was on parole when arrested for and convicted of assault with intent to commit murder. See id. at 716. The warrant for probation violation went unserved for over two and one-half years, until the defendant's inquiry into pending parole instigated further action. See id. The Tennessee Supreme Court, after "a long exhaustive examination of the technical record and the bill of exceptions . . . . concluded that [the defendant] was prejudiced by the . . . delay." Id. at 719.

In contrast, the instant defendant was responsible for postponement of his hearing. Although we do not criticize the defendant for replacing counsel, the resulting delay cannot be fairly weighed against the state.

*The reasons for the delay*

In Wood, the Tennessee Supreme Court identified several possible reasons for delay:
(1) Intentional delay for the purpose of tactical advantage over the defense or to harass the defendant;
(2) bureaucratic indifference or negligence;
(3) delay necessary to the fair and effective prosecution of the case; and
(4) delay acquiesced in or caused by the defendant.
See Wood, 924 S.W.2d at 346-47. Factors (1) and (2) are weighed, heavily and somewhat less heavily, respectively, against the state. See id. at 346-47. Factor (3) is weighed against neither party, and factor (4) is weighed against the defendant. See id. at 347.

As noted above, the record in this case supports the trial court's conclusion: The defendant's three separate requests for new counsel caused the delay. At the revocation hearing, the defendant admitted that one reason for the delay was that he and his attorney could not come to terms. Therefore, that counsel and two subsequent attorneys were relieved from representation. Finally, a fourth attorney was appointed on June 19, 1997. Evidence of intentional delay or bureaucratic indifference was not offered; in fact, such allegations were not even articulated.

*The defendant's demand for speedy trial.*

"[T]he defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right," Barker, 407 U.S. at 528, and failure to assert that right does not constitute a waiver but is a factor to be considered and weighed against a defendant. See State v. Harris, 978 S.W.2d 109,115 (Tenn. Crim. App. 1997). Although the defendant testified that he advised his counsel to request a revocation hearing, the record contains neither testimony or affidavit from any prior counsel to that effect nor the trial court's conclusion regarding the veracity of this unsupported claim. We must conclude that the trial court discredited this testimony, or, in the alternative, gave it little weight. After weighing the relevant factors, we

conclude that the defendant's speedy trial issue is without merit.

## Sentencing

The trial court's order imposed the suspended sentence from the 1993 convictions consecutively to those from the 1996 convictions. He asserts that this sentence is improper because the trial court indicated no intent to impose consecutive sentencing at either the August 9, 1996, sentencing hearing or the revocation hearing. Allegedly, he was unaware of the consecutive sentencing until the trial court released its order on August 27, 1997. If a defendant has additional sentences from courts of this state, not yet fully served, those sentences are presumed concurrent to the sentence for a new conviction, "unless it appears that the new sentence being imposed is to be served consecutively with the prior sentence or sentences." Tenn. R. Crim. P. 32 (c)(2).

The trial court was within its authority to impose consecutive sentencing. When a defendant is found guilty for crimes committed while on probation, "the trial judge may order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence which was imposed upon such conviction." Tenn. Code Ann. § 40-35-310. Although the order imposed consecutive sentencing, the trial court did not specify the manner of sentencing at the revocation hearing. Therefore, we remand for the sole purpose of resolving this ostensible discrepancy, such that the trial court may affirmatively impose the suspended sentence either concurrently with or consecutively to the sentences from the 1996 convictions.

## Conclusion

For these reasons, we affirm the trial court's revocation order but remand for the trial court to enter the manner of service.