# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 14, 2001

## STATE OF TENNESSEE v. RANDY R. WILSON

**Direct Appeal from the Circuit Court for Robertson County**
**No. 8152     John H. Gasaway III, Judge**

---

**No. M2000-01537-CCA-R3-CD - Filed May 16, 2001**

---

The defendant contends that the State should be barred from revoking his Community Corrections sentence because no detainer was placed on him while he served a six-year prison sentence in North Carolina while his revocation warrant was pending in Tennessee and the State knew of his location. We conclude that the State was under no obligation to file a detainer against the defendant, and that the State was not time barred from proceeding with the Community Corrections revocation after the defendant's return to this state. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Gregory D. Smith, Clarksville, Tennessee and Roger Nell, District Public Defender, for the appellant, Randall R. Wilson.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Joel Perry, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 13, 2000, the defendant, Randy R. Wilson, had his Community Corrections sentence revoked and was ordered to serve eight (8) years in the Department of Correction. He contends that the State was barred from revoking his Community Corrections sentence because no detainer was issued against him while he was serving a sentence in North Carolina while his revocation warrant was pending in Tennessee and the State knew of his location. After review, we affirm the trial court's revocation of the defendant's Community Corrections sentence.

**Procedural Background and Facts**

On October 15, 1991, a jury found the defendant guilty of the sale of a Schedule II controlled substance (cocaine). On December 6, 1991, the defendant was sentenced and placed on Community Corrections for eight years. On February 14, 1992, a revocation warrant was filed against the defendant alleging house arrest/curfew violations and failure to perform public service work. This revocation warrant was served upon the defendant on December 6, 1992. On January 8, 1993, the defendant failed to appear and a capias was issued. Later in 1993, the defendant's probation officer received a phone call from a prison counselor in North Carolina advising him that the defendant was incarcerated in North Carolina, convicted of robbery, and sentenced to fourteen years, of which he might serve four. The State took no action to place a detainer on the defendant or other action towards the defendant, and the case file was not revisited until March 2000 when the probation officer saw the defendant in court on other matters.

On March 17, 2000, the defendant was arrested on the 1993 capias. On May 5, 2000, the State amended the revocation warrant to add a new charge that the defendant failed to obey the law. This new charge allegedly grew out of the defendant being arrested in Springfield, Tennessee, for aggravated assault (domestic) and reckless endangerment on April 29, 2000. On June 2, 2000, the revocation warrant was amended a second time alleging the defendant had again violated the terms of his Community Corrections sentence by once again failing to obey the law. The new charge grew out of the defendant allegedly being arrested for robbery by the Springfield Police Department on May 19, 2000.

On June 13, 2000, the defendant appeared with counsel and, after a hearing, the trial court revoked the defendant's Community Corrections sentence and ordered the defendant to serve eight (8) years in the Department of Correction. The defendant is asking this court to bar the State and the trial court from revoking his Community Corrections sentence because no detainer was placed on him while he served a six-year prison sentence in North Carolina while the revocation warrant was pending and the State knew of his location. The defendant's appeal is properly before this court.

**Analysis**

The defendant correctly acknowledges in his brief that the Interstate Compact on Detainers does not generally apply to probation revocation. See State v. Warren, 740 S.W.2d 427, 427 (Tenn. Crim. App. 1986). However, the defendant relies on Allen v. State, 505 S.W.2d 715, 718 (Tenn. 1974) to support his contention that the defendant had a right to a speedy trial on the revocation warrant. The Tennessee Supreme Court in Allen stated, "[W]e expressly hold that a probation revocation proceeding is a continuation of the criminal prosecution, and as such, the defendant in the instant case has a constitutional right to a speedy trial on 'the offense of violation of the terms of probation.' Any language in former opinions, contrary to the holdings herein, shall conform to the holdings of this case." Allen, 505 S.W.2d at 718.

In <u>Allen</u>, the defendant was serving a twenty-seven year sentence from Davidson County in a Tennessee penitentiary. As a result of the defendant's Davidson County conviction, a revocation warrant was issued in Marshall County where the defendant was on probation. No further action was taken on the revocation warrant until over two and one-half years later when the defendant was about to be considered for parole on the Davidson County conviction. At that time, a detainer request was filed by the state at the state penitentiary setting the hearing date in the revocation warrant. Upon the defendant's return to Marshall County for the revocation hearing, the defendant was finally served with the revocation warrant. The court concluded that the delay in having a hearing on the probation violation warrant violated the defendant's right to a speedy trial. The major distinction between the <u>Allen</u> case and the case at bar is that the defendant in <u>Allen</u> was incarcerated in the State of Tennessee and was what the court considered to be "readily accessible" for a hearing on the revocation warrant.

The present case is more akin to <u>Blackwell v. State</u>, 546 S.W.2d 828 (Tenn. Crim. App. 1976), wherein this court pointed out a significant difference between <u>Allen</u> and a case where a defendant is incarcerated in another state. In <u>Blackwell</u>, the defendant was incarcerated in Florida on a robbery conviction and the hearing on his probation revocation was not had until he was released from Florida custody. This court stated that "the delay in [<u>Blackwell</u>] was brought about by the appellant's own misconduct that resulted in his incarceration in the Florida penitentiary." <u>Blackwell</u>, 546 S.W.2d at 830. We ultimately held that the delay that the defendant brought upon himself by his own misconduct did not result in a violation of his right to a speedy trial. <u>Id.</u>

This case presents substantially the same situation as <u>Blackwell</u> dealing with an interstate prisoner. Here, the State could not obtain jurisdiction upon the defendant until he was released from North Carolina, and he was not available for the revocation hearing until that time. We conclude that the defendant has offered no proof that he was "readily accessible" to the State of Tennessee while being housed in a penitentiary in North Carolina. Therefore, we hold that the defendant was not deprived of his right to a speedy trial as a result of his own misconduct.

**Conclusion**

Accordingly, we affirm the trial court's revocation of the defendant's Community Corrections sentence.

_____
JOHN EVERETT WILLIAMS, JUDGE