IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2004

## STATE OF TENNESSEE v. JEFFERY D. RHOADES

**Appeal from the Circuit Court for Dyer County**
**No. C95-178A     Lee Moore, Judge**

_____

**No. W2004-00154-CCA-R3-CD  - Filed December 15, 2004**

_____

The defendant, Jeffery D. Rhoades, appeals from the Dyer County Circuit Court's 2004 revocation of his 1996 sentences for burglary and theft. We affirm the revocation of probation and the ordering of confinement for the balance of the original effective sentence, but we modify the provisions for sentence credits and remand.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed as Modified;
and Remanded.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); Jim W. Horner, District Public Defender; and H. Tod Taylor, Assistant District Public Defender (at trial), for the Appellant, Jeffery D. Rhoades.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Pursuant to his guilty pleas, the defendant was convicted on April 30, 1996, of burglary and theft.  For both offenses, he was sentenced as a Range I offender to concurrent, local confinement terms of three years, to be served via six months in confinement and the balance of the sentences on probation. The sentences were also ordered to be served concurrently with sentences in Jefferson County, Arkansas, "Circuit CR-91-504". The defendant was ordered to pay restitution of $6,340.08 through monthly installments of $150 each.

On August 15, 1997, the state filed a probation violation report, alleging that the defendant had absconded because he moved to Arkansas in January 1997 and had failed to report to a probation officer in that state.  The report also alleged that the defendant had failed to make

monthly restitution payments. A probation violation warrant was apparently issued on September 1, 1997.

On January 6, 2004, the trial court conducted a revocation hearing. The defendant, represented by counsel, posited that because the effective Tennessee sentences ran concurrently with a three-year sentence in Arkansas and because the Arkansas sentence had been fully served in confinement, the Tennessee sentences had expired. Testifying at the hearing, the defendant's probation supervisor acknowledged that the defendant's Tennessee sentence ran concurrently with an Arkansas sentence. She testified that the defendant was released from his six-month confinement in Tennessee on August 26, 1996, at which time he asked for transfer of his supervision to Arkansas. On May 15, 1997, Arkansas filed a violation report, alleging that the defendant had absconded from probation in his Arkansas case, and that state notified Tennessee of the absconding. On July 1, 1997, Tennessee informed Arkansas to discontinue supervision on the Tennessee probation and that Tennessee would resume responsibility. Tennessee then filed its violation report in the trial court. She did not know whether the defendant received a copy of this report. She testified that, as of the date of the hearing, the defendant had paid nothing toward restitution.

The defendant relied upon a December 22, 2003 report of the Arkansas Department of Community Corrections, which was admitted into evidence at the revocation hearing. The report reflected that, in case number "CR-91-504 (Aggravated Robbery)", the defendant served the following periods in confinement:

> August 10, 1999 through December 18, 2000
> August 15, 2001 through November 5, 2001
> April 19, 2002 through January 8, 2003.

On January 13, 2004, the trial court entered the order from which the defendant now appeals. It found that the defendant violated probation by failing to report to a probation officer as directed and by failing to pay monthly restitution installments. In the order, the court revoked the defendant's probation and ordered him to serve the balance of his sentences in confinement. The court allowed a total of 146 days' jail credit.

On appeal, the defendant challenges neither the trial court's bases for revoking probation nor its order requiring him to serve his original sentence. Indeed, the record reflects that the trial court's decision to revoke probation was supported by substantial evidence and, therefore, was not an abuse of discretion. *See State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (standard of review upon appeal of an order revoking probation is abuse of discretion; no abuse of discretion occurs when record contains substantial evidence supporting a finding that probation was violated); *see also* Tenn. Code Ann. § 40-35-311(e) (2003) (state's burden of establishing probation violation is preponderance of the evidence). Upon finding a violation, the trial court was vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(e) (2003); *see also id.* § 40-35-310 (2003); *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App.

1995). Thus, we discern no error in the trial court's decision to revoke probation and to order the balance of the effective three-year sentence to be served in confinement.

The defendant's complaint, rather, is that the trial court awarded him insufficient jail credit toward the fulfilment of his original, effective sentence. The state argues in its brief that the trial court was justified in denying any credit for the defendant's time served in Arkansas on the basis that Tennessee had no knowledge that the defendant was in custody in Arkansas. The state cites *Hill v. State*, 202 Tenn. 416, 304 S.W.2d 619 (1957), for the proposition that, during the time a probationer is absconding from supervision, the "running of a suspended sentence" is tolled. From this juncture, the state extrapolates that, even though the defendant had been apprehended and was serving his Arkansas sentence, he was nevertheless an absconder for purposes of the Tennessee sentence because Tennessee was unaware that he was in custody.

First, we agree that *Hill* does provide for tolling of the time for filing a revocation petition based upon the probationer's absconding, but we fail to see how the tolling of the time for filing a petition relates to the present case. *See generally id.* (probationer's absconding prevented the five-year probation period from expiring before the petition was filed). In the present case, there is no question that the petition was filed within the time period of the three-year probation period. Second, the state cites no authority for its extrapolation that Tennessee's lack of notice of the defendant's confinement in Arkansas is a basis for defeating a claim of time served pursuant to a concurrent sentencing order. Indeed, we know of no such authority and do not understand why Tennessee's ignorance of the concurrent sentence being served in Arkansas defeats the de- fendant's claim to Tennessee credit for the time served in Arkansas.

"When two sentences run concurrently, it merely means that, for each day in custody while serving both sentences, the inmate receives credit toward each sentence. Concurrent sentences do no[t] necessarily begin and end at the same time – they simply run together during the time they overlap." *Brown v. Tennessee Dept. of Correction,* 11 S.W.3d 911, 913 (Tenn. Ct. App. 1999) (quoting *Bullard v. Department of Corrections*, 949 P.2d 999, 1002 (Colo. 1997)). Pursuant to this definition, it is clear to us that when the defendant went into custody to serve the Arkansas sentence which, by the terms of the Tennessee judgments, ran concurrently with the effective, three-year Tennessee sentence, he simultaneously served his effective Tennessee sentence. We see nothing in the record to preclude this result, and the trial court on remand shall calculate the time to be credited toward the Tennessee sentences on account of the defendant's time in custody serving the concurrent Arkansas sentence.

Before concluding our analysis, we look at the provisions of the trial court's order for credit for time served in Tennessee. The court properly allowed pretrial jail credit from April 10, 1996, to April 30, 1996, the day the court imposed the convictions pursuant to the defendant's guilty pleas. *See* Tenn. Code Ann. § 40-23-101(c) (2003). The court also allowed credit for the defendant's post-petition time served in Tennessee, December 7, 2003, to December 13, 2003. *See id.* The trial court, however, expressly allowed only a *total* Tennessee time-served credit of 146 days, despite that the two credits described above account for approximately 26 days' credit and that

-3-

the defendant was originally ordered to serve – and may have served – six months of his three-year effective sentence.

Pursuant to Tennessee Rule of Appellate Procedure 13(b), we have determined that the diminution of the credit for the six-month confinement period to the number of days actually served in jail is error. Apparently the defendant was awarded good conduct sentence credits during his service of the six-month confinement portion of his three-year effective sentence. Indeed, he was entitled to such credits. *State v. Clark*, 67 S.W.3d 73, 78 (Tenn. Crim. App. 2001). Moreover, this court has said that a trial court may not impose a split-confinement term in a manner that denies the defendant statutory sentencing credits. *State v. Larry K. Bombailey*, No. E2003-00421-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Knoxville, Jan. 28, 2004) (order to serve "flat" 45 days of total eleven-month-29-day sentence, without allowing for applicable sentencing credits, is illegal); *accord State v. Melissa A. Mellinger*, No. M2002-01029-CCA-R3-CD, slip op. at 3 n.1 (Tenn. Crim. App., Nashville, Dec. 10, 2003), *perm. app. denied* (Tenn. 2004); *see also State v. Harley B. Upchurch*, No. M2001-03170-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Nashville, Sept. 9, 2002) (applying *Clark* to the split-confinement term in a felony sentence).

The upshot is that the defendant is entitled to receive credit for the six-month split confinement term, which – with applicable sentencing credits – he "served." We recognize the possibility that Dyer County could rectify the shortage "on the back side" by applying applicable sentencing credits for the first six months when it computes the release date for the *entire* three-year period. We also recognize, however, that proper accounting for credits for the first six months may well be overlooked when calculating a release date, especially when the trial court's order of January 13, 2004, purports to settle the defendant's cumulative sentence credit up to that date. Therefore, in the interests of justice and the expeditious rendering of same, on remand the trial court shall determine whether its order dated January 13, 2004, disallowed the defendant the benefit of mandatory sentencing credits. If so, the court shall modify the order to provide for six months' credit, in addition to aforementioned jail credits for pretrial and pre-hearing confinement.

Accordingly, the action of the trial court is affirmed, as modified in this opinion. The cause is remanded, and upon remand, the trial court shall (1) make an appropriate determination of credit to be applied to the effective Tennessee sentence on account of the defendant's serving time on his concurrent Arkansas sentence, and (2) determine whether, as guided by this opinion, the defendant should receive full credit for the six months' split-confinement previously ordered and served.

_____
JAMES CURWOOD WITT, JR., JUDGE