IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## STATE OF TENNESSEE v. MARKETTUS L. BROYLD

**Appeal from the Criminal Court for Davidson County**
**No. 98-A-383     Seth Norman, Judge**

_____

**No. M2005-00299-CCA-R3-CO - Filed December 27, 2005**

_____

The Defendant, Markettus L. Broyld, appeals the judgment of the trial court revoking his probation. Because the notice of appeal was untimely filed, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Markettus L. Broyld, Pro Se.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant appeals, pro se, the trial court's judgment revoking his probation. The record before the Court is sparse; however, it is evident that in Davidson County on December 3, 1998, the Defendant pled nolo contendere to attempted aggravated sexual battery. The plea agreement provided for a suspended sentence of six years, and the Defendant was placed on supervised probation. On January 5, 2001, a probation violation warrant was issued against the Defendant. The warrant alleged that on January 3, 2001, the Defendant had been charged with rape in Wilson County. On December 20, 2004, following a hearing during which the Defendant was appointed counsel, the trial court sustained the warrant and revoked the Defendant's probation. The trial court ordered the Defendant to serve the original six year sentence in prison. This appeal followed.

The Court must initially address certain procedural issues raised by the State. The State correctly notes that the notice of appeal in this case was untimely filed. Pursuant to Rule 3(b),

Tennessee Rules of Appellate Procedure, a defendant has the right to appeal an order revoking probation. However, as mandated by Rule 4(a) of these same rules, the notice of appeal must be filed in the trial court within thirty days after the entry of the judgment. The judgment in this case was entered December 20, 2004. The Defendant filed his notice of appeal no earlier than January 24, 2005.[1] Accordingly, the notice is late. Rule 4(a) further provides that the notice of appeal is not jurisdictional in criminal cases and the filing of such notice may be waived in the interest of justice. Waiver is not automatic, however, and pro se litigants are expected to comply with the time requirements of Rule 4(a). Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App., Nashville, Feb. 13, 1996). In determining whether waiver is appropriate, this Court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case. Id.

Despite having filed the notice of appeal five days late, the Defendant does not explain to this Court why he failed to comply with the time requirement of Rule 4(a). On appeal, the Defendant presents one issue for review: whether he was denied his right to a speedy trial when the trial court conducted the probation revocation hearing nearly four years after the violation of probation warrant was issued. As we have already observed, the record in this appeal is sparse and consists only of the indictment, plea agreement and judgment sheet from the Defendant's 1998 conviction, the 2001 warrant for the probation violation, and the 2004 amended judgment revoking Defendant's probation and ordering him to serve his original sentence in confinement. Although the trial court held a hearing on the violation warrant, the Defendant has failed to include a copy of the transcript of that hearing in the record. The Defendant states in his appellate brief that on May 11, 2001, he pled guilty to the January 3, 2001, charge of rape in Wilson County. The Defendant apparently received an eight year sentence, which was ordered to be served consecutively to his previous six year sentence from Davidson County. The Defendant has been incarcerated since his arrest on January 3, 2001.

We acknowledge that a probation revocation proceeding falls within a defendant's constitutional right to a speedy trial. See Allen v. State, 505 S.W.2d 715, 719 (Tenn. 1974). In determining whether a defendant has been denied a speedy trial, a court shall consider the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right to a speedy trial; and (4) the prejudice to the defendant. State v. Bishop, 493 S.W.2d 81, 83-84 (Tenn. 1973) (citing Barker v. Wingo, 407 U.S. 514 (1972)). Any delay approaching one year will generally trigger further inquiry into the remaining three factors. See State v. Utley, 956 S.W.2d 489, 494 (Tenn. 1997). The length of the delay in the present case, therefore, requires further review of the issue.

---

[1] Although the Defendant was represented by counsel during the revocation hearing, the Defendant filed his notice of appeal pro se. Rule 20(g), Tennessee Rules of Appellate Procedure, governs pro se filings by incarcerated litigants. This Rule provides that a filing will be considered timely if it is delivered to the appropriate individual at the correctional facility within the time fixed for filing. In the instant case, though the trial court stamped the notice of appeal as being received and filed on January 31, 2005, the Defendant's affidavit reflects that he sent the notice of appeal to the prison mail room on January 24, 2005.

Because, however, the Defendant has failed to ensure that an adequate record was prepared for appeal, this Court is constrained in its review of the remaining factors. The Defendant bears the burden of preparing the record. Tenn. R. App. P. 24(b); State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). If the record is incomplete, this Court is precluded from considering the issue presented on appeal. Ballard, 855 S.W.2d at 560-61. While the length of the delay in this case triggers further inquiry, there is nothing before the Court to indicate the reason for the delay or whether the Defendant ever asserted his right to a speedy trial.

In Bishop, our supreme court declared that prejudice to a defendant may manifest itself in several ways: (1) undue and oppressive pretrial incarceration; (2) anxiety accompanying public accusation; and (3) impairment of the ability to prepare a defense. 493 S.W.2d at 85. The Defendant in this case claims he was prejudiced because he suffered undue pretrial incarceration, he was unable to obtain counsel until he was appointed one by the court, and his defense of the matter was negatively impacted. He also claims he experienced "anxiety" when he did not receive proper calculation of jail credits because his original sentence allegedly would have expired before the revocation hearing was held.

Notwithstanding any anxiety the Defendant may have experienced during the delay in this case, we do not believe the Defendant suffered any undue pretrial incarceration. The Defendant was on probation when he was arrested and charged with rape in 2001. The Defendant has remained in custody since his arrest and the eight year sentence he received for his subsequent conviction for rape has not expired. Accordingly, there is no evidence to suggest any undue pretrial incarceration as a result of the delay in action on the probation violation warrant.

Furthermore, because of the inadequate record, there is nothing to suggest the Defendant was impaired in his ability to defend against the probation violation warrant. The Defendant's simple statement in his appellate brief that his defense was negatively impacted is insufficient to support his claim. Although we do not have the benefit of the transcript of the revocation hearing proceedings, we may assume from the record available and from the Defendant's own assertions on appeal that the Defendant's probation was revoked because he was charged with and convicted of rape. The sentencing statutes of Tennessee specifically authorize a trial court to revoke a defendant's probation in such a case. Tenn. Code Ann. §§ 40-35-310 and -311. The fact that the Defendant's probationary period might have expired before the hearing is inconsequential because the warrant was issued well before that date and the result of the hearing would presumably have been the same if the hearing had been held sooner. Further, Defendant's latter sentence, for which he was already serving time in prison prior to the alleged expiration date of his probationary period, was ordered to run consecutively to his prior sentence. The Defendant has simply not established any resulting prejudice in the defense of his probation violation charge. In the absence of a complete and adequate record on appeal, this Court must presume that the trial court's revocation order was supported by the evidence. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Based upon the foregoing discussion, we have determined that the interest of justice does not mandate that this Court waive the timely filing of the notice of appeal in the instant case.

Accordingly, this appeal is hereby dismissed due to the Defendant's failure to timely file a notice of appeal.

_____
DAVID H. WELLES, JUDGE