IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2006

## STATE OF TENNESSEE v. TIMOTHY JOWERS

**Appeal from the Circuit Court for Henderson County**
**No. 04033-1    Roy B. Morgan, Jr., Judge**

---

### No. W2006-01487-CCA-R3-CD  - Filed February 22, 2007

---

The appellant, Timothy Jowers, pled guilty to robbery and possession of contraband in a penal facility.  As part of the plea agreement, the trial court approved a concurrent sentence of five years for each conviction.  The appellant was ordered to complete a six-month inpatient treatment program for drug and alcohol abuse prior to serving the balance of his sentence on probation.  Subsequently, a probation violation warrant was issued against the appellant, alleging that he failed to complete the six-month program as required by the trial court.  The appellant filed a motion to revoke his own probation, asserting that he was incarcerated in Oklahoma serving a five-year sentence for a conviction in that state and admitting to the probation violation.  The trial court denied the motion to revoke probation because the warrant had not yet been served on the appellant due to his incarceration in Oklahoma.  After the warrant was finally served on the appellant, an amended probation violation warrant was filed and served on the appellant.  The trial court held a hearing on the matter, revoked the appellant's probation, and awarded the appellant jail credits for time served in Tennessee prior to his plea and for time served in incarceration after service of the probation violation warrant.  On appeal, the appellant complains that the trial court improperly denied retroactive jail credits for time served in Oklahoma.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Jack S. Hinson, Lexington, Tennessee, for the appellant, Timothy Jowers.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Jerry Woodall, District Attorney General; and Bill R. Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 26, 2004, the appellant pled guilty to one count of robbery in Case Number 04041-1 and one count of possession of contraband in a penal facility in Case Number 04033-1. As a result of the plea agreement, one count of vandalism was dismissed. Pursuant to the plea agreement, the appellant received a five-year sentence for each conviction, to be served concurrently. The trial court also ordered the appellant to complete a six-month inpatient drug and alcohol treatment program. After completion of the program, the appellant was to serve the balance of his sentence on probation.

On May 26, 2004, the appellant's probation officer filed a probation violation report alleging that the appellant failed to complete the six-month treatment program. Based on the report, a probation violation warrant was issued on June 1, 2004. On December 10, 2004, the appellant filed a "Motion to Revoke" his probation, in which he asserted that he was incarcerated in Oklahoma serving a five-year sentence. As part of the motion, the appellant filed an affidavit in which he admitted his probation violation. The trial court denied the motion, determining that the trial court did not have jurisdiction to revoke the appellant's probation because the probation violation warrant had not yet been served on the appellant. The appellant subsequently returned to Tennessee presumably when the appellant completed his Oklahoma sentence. The probation violation warrant was served on the appellant on April 28, 2006.

On May 16, 2006, the trial court issued an amended probation violation warrant setting out as additional grounds for the revocation of probation that he had been convicted of burglary and concealing stolen property in Oklahoma and that he had absconded from probation supervision in Tennessee. The amended warrant was served on the appellant on May 19, 2006. On June 2, 2006, the trial court held a hearing on the probation violation warrant and on the appellant's motion for retroactive jail credits for time served in Oklahoma. At the hearing, the appellant stipulated that "the allegations set forth in the petition or the revocation warrant dated May the 16th, 2006 are true." On June 20, 2006, the trial court, in a written order, revoked the appellant's probation and awarded the appellant jail credit for time served prior to his guilty plea and for time served after his return to Tennessee. The trial court denied the appellant's request for retroactive jail credits for the time he spent incarcerated in Oklahoma.

The appellant filed a timely notice of appeal.

Analysis

On appeal, the appellant claims that he was denied a speedy trial and that the trial court improperly denied his request for retroactive jail credits. Specifically, the appellant argues that the facts of Allen v. State, 505 S.W.2d 715, 718 (Tenn. 1974) support his argument that he was denied a right to speedy trial in his probation revocation proceedings. The appellant also argues that the suspension of the criminal prosecution while he was incarcerated in Oklahoma caused him to suffer prejudice because he did not receive retroactive jail credits for the time he was incarcerated in

Oklahoma. The State disagrees, arguing that Allen is not applicable to the case herein and that the appellant was not entitled to retroactive jail credits.

## Speedy Trial

The Tennessee Supreme Court in Allen stated, "[W]e expressly hold that a probation revocation proceeding is a continuation of the criminal prosecution, and as such, the defendant in the instant case has a constitutional right to a speedy trial on 'the offense of violation of the terms of probation.' Any language in former opinions, contrary to the holdings herein, shall conform to the holdings of this case." Allen, 505 S.W.2d at 718.

In Allen, the defendant was serving a twenty-seven year sentence from Davidson County in a Tennessee penitentiary. As a result of the defendant's Davidson County conviction, a revocation warrant was issued in Marshall County where the defendant was on probation. No further action was taken on the revocation warrant until over two and one-half years later when the defendant was about to be considered for parole on the Davidson County conviction. At that time, a detainer request was filed by the State at the state penitentiary setting the hearing date in the revocation warrant. Upon the defendant's return to Marshall County for the revocation hearing, the defendant was finally served with the revocation warrant. The court concluded that the delay in having a hearing on the probation violation warrant violated the defendant's right to a speedy trial. The major distinction between the Allen case and the case herein is that the defendant in Allen was incarcerated in the State of Tennessee and was what the court considered to be "readily accessible" for a hearing on the revocation warrant.

The present case is virtually identical tot he facts of Blackwell v. State, 546 S.W.2d 828 (Tenn. Crim. App. 1976), wherein this court noted a significant distinction in the fact situation presented in Allen and the situation where a Tennessee probationer is incarcerated in another state. In Blackwell, the defendant was on probation following his conviction in Tennessee for grand larceny. His probation supervision was transferred to Florida where he was subsequently prosecuted and convicted of robbery. The defendant's Tennessee probation was not revoked until he was released from Florida custody, almost tow and a half years after the issuance of the probation violation warrant. This Court held that unlike in Allen, the defendant in Blackwell was unavailable to Tennessee authorities and noted that "the delay in [Blackwell] was brought about by the appellant's own misconduct that resulted in his incarceration in the Florida penitentiary." Blackwell, 546 S.W.2d at 830. Consequently, this court held that there was not violation of the defendant's right to a speedy disposition of his probation violation warrant. Id.

We find the instant case indistinguishable from Blackwell. Therefore, we hold that the defendant herein was not deprived of his right to a speedy probation revocation proceeding. See also, State v. Randy R. Wilson, No. M2000-01537-CCA-R3-CD, 2001 WL 523368, at *2 (Tenn. Crim. App., at Nashville, May 16, 2001), perm. app. denied (Tenn. Oct. 29, 2001).

Retroactive Jail Credits

The appellant next contends that he should have been awarded jail credits on his Tennessee sentence for time he served in Oklahoma for his conviction in that State. Initially, we note that the defendant has waived this issue for failure to cite any authority for his claim or support his claim with argument. See Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). This alone would justify denying any relief with respect to this claim. Nevertheless, we will briefly address the merits of the defendant's claim.

Tennessee Code Annotated section 40-23-101(c) provides:

The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

This Court has repeatedly held that § 40-23-101(c) provides for credits against the sentence only if the incarceration, claimed as the basis for the credits, arises from the offense for which the sentence was imposed. See State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983); Majeed v. State, 621 S.W.2d 153, 154-55 (Tenn. Crim. App. 1981); Trigg v. State, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975); see also State v. Timothy Maurice Reynolds, No. M2003-02551-CCA-R3-CD, 2005 WL 351254, *2 (Tenn. Crim. App., at Nashville, Feb. 10, 2005). The appellant herein was incarcerated in Oklahoma, serving a prison sentence for a crime committed in that state, a conviction that, aside from forming the basis for the probation revocation, was wholly unrelated to his Tennessee conviction. Thus, the appellant is not entitled to jail credit on his Tennessee sentence for time served in Oklahoma. This issue is without merit.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

-4-