IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2004 Session

**STATE OF TENNESSEE v. AGEE GABRIEL**

**Appeal from the Circuit Court for Giles County**
**No. 6282     Stella Hargrove, Judge**

_____

**No. M2002-01605-CCA-R3-CD - Filed July 12, 2004**

_____

Agee Gabriel appeals from the Giles County Circuit Court's revocation of his probationary sentence. Alleging myriad procedural and substantive errors, he asks this court to reverse the revocation order. However, we are unpersuaded of error and therefore affirm the lower court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Michael H. Sneed, Nashville, Tennessee, for the Appellant, Agee Gabriel.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; Mike Bottoms, District Attorney General; and Beverly White, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On November 22, 1993, the defendant was placed on probation in Lawrence County for a period of eight years following a conviction for a drug offense. Probation supervision was transferred to Davidson County. At some point, the defendant went to Louisiana without permission of Tennessee authorities and committed criminal acts for which he was incarcerated. He entered the Louisiana correctional system in early February 1999, was released in July 2001, and returned within a few days of his release to Tennessee.

Tennessee authorities filed a probation violation warrant against the defendant on February 4, 1999, which alleged that the defendant (1) had been arrested and charged with robbery, unlawful possession of a weapon, and marijuana possession, (2) had been in possession of a firearm despite the fact that he was a convicted felon, and (3) had possessed marijuana despite probation rules which prohibited him from using intoxicants and required him to submit to drug screens.

A first amendment to the revocation warrant was filed on February 19, 1999, which alleged that the defendant had been arrested for possession of marijuana with intent to resell and had traveled out of state without his probation officer's permission.

A second amendment was filed on February 15, 2002, which alleged that the defendant had been arrested for possession of marijuana for resale and evading arrest.

A third and final amendment was filed on May 8, 2002, in which it was alleged that the defendant (1) had been indicted for possession of cocaine for resale, driving on a revoked license, and violation of the "light" law, (2) had not reported since September 9, 1998, and (3) had made no payment on his outstanding court costs of $778 since August 17, 1998.

Following the return of the defendant to custody, the matter proceeded to hearing. The defendant challenged the efficacy of the initial warrant because the criminal charges underlying the allegations of that warrant had all been dismissed. He alleged that he had never been served with the first amendment to the violation warrant. The defendant took the position that his probation expired on November 22, 2001, eight years after it had been imposed, and the second and third amendments were untimely because they were filed after the sentence expiration date. Likewise, he claimed that the substantive allegations of the second and third warrants were of no effect because they alleged conduct which occurred after the probationary sentence expired. The defendant conceded that he had traveled out of state without obtaining permission, that he had not reported as required, and that he had not paid his court costs.

The lower court found that the state failed to prove that it had served the defendant with the first amendment to the warrant and failed to prove the allegations of the second amendment. However, the court held that the state had proven the factual allegations of the third amendment. The court did not specifically address the factual allegations of the original warrant, but it ruled that the dismissal of the underlying criminal charges did not affect the vitality of the warrant. Upon the finding of violations, the court ordered the defendant to serve his original incarcerative sentence.

**Validity of Original Revocation Warrant**

The defendant raises multiple issues which hinge upon the efficacy of the original warrant. He claims that the lower court erred in finding that he violated probation based upon this warrant because the underlying charges were dismissed, the dismissal implying that the defendant was not guilty of them. He also claims that the dismissal of those charges "renders void any attempt to amend the probation violation warrant." Further, he argues that because the warrant became void upon dismissal of the underlying charges, the limitations period is not tolled for the filing of additional violation allegations.

We begin our analysis by noting that the lower court did not base its revocation decision upon a finding that the defendant committed the acts alleged in the original violation

warrant. Therefore, the first component of the defendant's challenge, that the court erred by premising revocation upon the allegations contained in the warrant, is without merit.

With respect to the second component, the claim that the state may not proceed on the violation warrant following the dismissal of the charges alleged therein, we are not persuaded. The defendant cites no authority for this proposition, and we are aware of none which supports his position. To be sure, this court has previously held that a revocation may be premised upon proven allegations of a violation warrant, even if the criminal charges arising from those allegations have been dismissed or the defendant has been acquitted at trial. *State v. Mitzi Ann Boyd*, No. 03C01-9508-CC-00246, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 1, 1996) ("When the underlying facts constitute a violation, the eventual dismissal of criminal charges arising out of that violation is largely irrelevant."); *State v. Larry D. Turnley*, No. 01C01-9403-CR-00094, slip op. at 5 (Tenn. Crim. App., Nashville, Dec. 22, 1994) ("The fact that the Defendant was not convicted of any of the offenses with which he was charged does not mandate dismissal of the probation violation warrant."); *See State v. Delp*, 614 S.W.2d 395, 396-97 (Tenn. Crim. App. 1980) (revocation may be based upon criminal acts alleged in violation warrant even though defendant was acquitted of charges for underlying acts). Based upon these authorities, we reject the defendant's argument.

The defendant also claims that the original warrant, because it alleged criminal acts for which the underlying charges were ultimately dismissed, did not toll the running of the limitation period for filing violation allegations. Because we have held above that the validity of the original warrant was not affected by the dismissal of the criminal charges arising from the acts alleged in the warrant, we likewise reject this claim. *See Mitzi Ann Boyd*, slip op. at 3; *Larry D. Turnley*, slip op. at 5; *Delp*, 614 S.W.2d at 396-97. It is well established that the filing of a revocation warrant tolls the limitations period for prosecuting a violation of probation. *See, e.g., State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001); *Allen v. State*, 505 S.W.2d 715, 717 (Tenn. 1974). Furthermore, due to the tolling effect of a pending revocation warrant, an amendment filed during a warrant's pendency is not subject to dismissal on the basis that it is untimely. *Shaffer*, 45 S.W.3d at 555.

### Propriety of Judge Presiding at Hearing

The defendant claims for the first time on appeal that Judge Stella Hargrove erred by conducting the revocation hearing because Judge Jim Hamilton was the sentencing judge and should have conducted the revocation hearing. This issue is without merit for two reasons. First, the defendant waived any objection to Judge Hargrove presiding at the hearing by failing to object at that time. *See* Tenn. R. App. P. 36(a); *State v. Billy Gene Oden, Jr.*, No. 01C01-9710-CC-00468, slip op. at 4-5 (Tenn. Crim. App., Nashville, Dec. 7, 1998). Perhaps more significantly, the statute allows for a probation revocation hearing to be conducted by "the trial judge granting such probation and suspension of sentence, the trial judge's successor, or any judge of equal jurisdiction who is requested by such granting trial judge . . . ." *See* Tenn. Code Ann. § 40-35-311(b) (2003). The appellate record in this case is silent on the issue whether Judge Hargrove was outside any of these categories. As the appellant, the defendant has the burden of demonstrating error. In the absence of such demonstration, he cannot prevail on appeal.

**Grounds for Revocation**

We now move to consideration of the propriety of the revocation itself. The standard of review upon appeal of an order revoking probation is abuse of discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id.* at 82; *Delp*, 614 S.W.2d at 398. The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. §§ 40-35-311(e) (2003). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. §§ 40-35-310 (2003). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The lower court found that state failed to prove that it had served the defendant with the first amendment to the violation warrant. That court also ruled that the state had not proven the allegations of the second amendment. The lower court did not address whether the state had proven the allegations of the original warrant. As we will discuss below, the allegations of the third amendment were adequately proven at the hearing and properly relied upon by the lower court in revoking probation. It is therefore unnecessary that we be concerned with the quantum of proof with respect to the original warrant and other amendments or the sufficiency of service of the first amendment.

The defendant admitted at the hearing that he had not reported or paid costs as required, and on appeal he does not contest the lower court's findings in that regard.[1] For this reason alone, the revocation itself was proper. *See State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (defendant's concession of act constituting violation of probation constitutes substantial evidence of violation, and trial court's revocation based thereon is not abuse of discretion). Furthermore, the state presented proof that the defendant was apprehended in possession of a sizable amount of crack cocaine and had driven on a revoked license. The defendant did nothing which diminished this proof. In light of the multiple violations and their egregious nature, we see no abuse of discretion in ordering the original incarcerative sentence into execution.

---

[1] We are mindful that in *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S. Ct. 2064, 2073 (1983), the United States Supreme Court held that during a revocation hearing for failure to pay a fine or restitution, a trial court must "inquire into the reasons for the failure to pay." Because in this case there are independent bases for the revocation and because the defendant admitted he had not paid his costs and does not raise a challenge to his ability to pay, we have not considered whether the lower court should not have relied upon this basis to support, in part, the revocation.

**Written Specifications for Revocation**

Finally, we have not overlooked the defendant's claim that the lower court erred by failing to set forth its specific factual findings in written form. The defendant is correct that due process requires written specifications of the basis for revocation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761 (1973); *State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993). However, the court announced its findings at the conclusion of the hearing. Its oral findings were sufficiently detailed to inform the parties of the basis of its decision. Thereafter, the court authenticated the transcript that was prepared of the hearing, which included its oral findings and ruling. This court has considered such to be substantial compliance with the procedural requirements due process affords. *See, e.g., Delp*, 614 S.W.2d at 397. We therefore reject this as a basis for disturbing the lower court's ruling.

For all of these reasons, we affirm the lower court.

_____
JAMES CURWOOD WITT, JR., JUDGE