IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 6, 2007

## STATE OF TENNESSEE v. MATHIS LAMAR MEADOWS

**Direct Appeal from the Circuit Court for Madison County**
**No. 99-758     Roy B. Morgan, Jr., Judge**

_____

**No. W2006-02534-CCA-R3-CD - Filed April 24, 2007**

_____

The defendant, Mathis Lamar Meadows, appeals the trial court's revocation of his probation, raising the following issues on appeal:  (1) whether the trial court erred by revoking his probation and ordering that he serve his Tennessee sentence for two counts of attempted second degree murder consecutively to his Michigan sentence for assault; and (2) whether the trial court erred by denying his motion to dismiss the probation violation warrants.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Joseph T. Howell, Assistant Public Defender, for the appellant, Mathis Lamar Meadows.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On March 20, 2000, the defendant pled guilty in the Madison County Circuit Court to two counts of attempted second degree murder.  Pursuant to the terms of his plea agreement, he was sentenced to concurrent terms of eight years for each conviction, with eleven months, twenty-nine days to be served day-for-day in the Madison County Jail and the remainder of the time on intensive probation.  On November 21, 2000, a probation violation warrant was issued alleging that the defendant had violated his probation by failing to report to his probation officer, failing to be present for curfew checks, and failing to pay court costs, fines, and probation fees.  On September 26, 2002, a second probation violation warrant was issued alleging that the defendant had violated his

probation by an August 27, 2002, Michigan conviction for assault with intent to do bodily harm. On July 20, 2006, the defendant filed a motion to dismiss on the basis that the lengthy delay between the issuance and service of the warrants violated his constitutional right to a speedy trial. The trial court denied the motion on August 7, 2006.

At the August 7, 2006, revocation hearing, the defendant admitted that he was guilty of the violations alleged in the warrants. He requested, however, that the court consider the positive steps he had taken to improve his life while serving his Michigan sentence. Specifically, the defendant referred the court to the anger management, substance abuse, and G.E.D. courses he had completed during his incarceration.

At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered that he serve his sentence consecutively to the sentence he was currently serving for the Michigan conviction. Thereafter, the defendant filed a timely notice of appeal to this court.

## ANALYSIS

### I. Trial Court's Revocation of Probation and Order of Consecutive Sentencing

The defendant contends that the trial court abused its discretion by revoking his probation and ordering consecutive sentencing, arguing that the court should have placed more weight on "the positive strides" he made during his incarceration in Michigan. A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2006). The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).

We find no abuse of discretion in the trial court's revocation of the defendant's probation. The defendant admitted at the revocation hearing that he was guilty of the acts alleged in the violation warrants. In addition, the State introduced a certified copy of his Michigan conviction, which showed that he was found guilty on July 30, 2002, of "Assault Harm Less Murder" and was sentenced on August 27, 2002, to serve a minimum of six years, eight months to a maximum of ten years in the Michigan Department of Corrections.

We further find no abuse of discretion in the trial court's order of consecutive sentencing. See State v. Amanda Jo Goode, No. E2003-02139-CCA-R3-CD, 2004 WL 1562523, at *4 (Tenn. Crim. App. July 12, 2004), perm. to appeal denied (Tenn. Nov. 29, 2004) ("[T]he proper standard

of review for determining whether a trial court could revoke probation and order that the original sentence be served consecutively to a new sentence is an abuse of discretion."). Tennessee Code Annotated section 40-35-310 specifically provides that

> in any case of revocation of suspension on account of conduct by the defendant that has resulted in a judgment of conviction against the defendant during the defendant's period of probation, the trial judge may order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence that was imposed upon the conviction.

The trial court articulated sound reasons for the imposition of consecutive sentencing:

> This Defendant has admitted the violations that occurred in which he was convicted in Michigan, and those violations again involved convictions for violence, violence against individuals, and that concerns the Court noting this Defendant pled guilty in this court, as is pointed out earlier, to attempted second degree murder, two counts, in March of 2000, and while on probation, he, again as pointed out earlier, voluntarily left the State of Tennessee and went to Michigan and committed other acts of violence for which he's serving time, and he's pointed out what the length of that sentence was.
>
> . . . .
>
> If ever that statute applies, I think this is a case where it falls right into place, a reason for the Court to be able to consider a consecutive sentencing at this point.

We conclude, therefore, that the defendant is not entitled to relief on the basis of this claim.

## II. Denial of Motion to Dismiss

The defendant next contends that the revocation warrants should have been dismissed due to the long delay between the issuance of the warrants and the revocation hearing, which violated his constitutional right to a speedy trial. The State argues, among other things, that the defendant is not entitled to relief on this issue because he was the cause of the delay, made no demand that could be interpreted as a request for a speedy trial until December 2005, and has not shown that he was prejudiced by the delay. We agree with the State.

A probation revocation proceeding falls within a defendant's constitutional right to a speedy trial. See Allen v. State, 505 S.W.2d 715, 719 (Tenn. 1974). In determining whether the defendant's right to a speedy trial was violated by the delay in this case, we must consider the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice caused to the defendant by the delay. See State v. Bishop, 493 S.W.2d 81, 83-84 (Tenn. 1973) (citing Barker v. Wingo, 407 U.S. 514 (1972)). The second factor "generally

falls into one of four categories: (1) intentional delay to gain a tactical advantage over the defense or delay designed to harass the defendant; (2) bureaucratic indifference or negligence; (3) delay necessary to the fair and effective prosecution of the case; and (4) delay caused, or acquiesced in, by the defense." State v. Wood, 924 S.W.2d 342, 346-47 (Tenn. 1996) (footnotes omitted).

In denying the defendant's motion to dismiss, the trial court found that the defendant had caused the delay in the proceedings by his conviction and incarceration in another state. We agree. Furthermore, as the State points out, there is nothing in the record to show that the defendant asserted his right to a speedy trial until December 2005, or that he has suffered any prejudice as a result of the delay. If anything, the delay was beneficial to the defendant, given the fact that the only argument he offered at the revocation hearing and on appeal was that the trial court should consider in its revocation and sentencing determinations the positive steps he has taken to improve his life while incarcerated in the Michigan prison system. We conclude, therefore, that the defendant's right to a speedy trial was not violated and the trial court properly denied his motion to dismiss on the basis of this claim.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE